**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **SOPHIA LEWIS, INDIVIDUALLY AND** | § | |
| **AS REPRESENTATIVE OF THE ESTATE** | § | |
| **OF SHAMOND LEWIS, DECEASED** | § | |
| | § | |
| | § | |
| **VS.** | § | |
| | § | **CIVIL ACTION NO._____** |
| **DALLAS COUNTY;** | § | |
| **DALLAS COUNTY SHERIFF'S** | § | |
| **DEPARTMENT, a Department of** | § | |
| **Dallas County, Texas;** | § | |
| **ADAM INFANTE, in his official capacity** | § | |
| **As Sheriff of Dallas County, Texas;** | § | |
| **JOHN DOE 1; JOHN DOE 2; JOHN DOE 3;** | § | |
| **JOHN DOE 4; AND JOHN DOE 5** | § | |

**PLAINTIFFS' ORIGINAL COMPLAINT**

TO THE HONORABLE UNITED STATES DISTRICT COURT:

COMES NOW, SOPHIA LEWIS, Individually and As Representative of the Estate of Shamond Lewis, who was a mentally ill person and is now Deceased, complaining of DALLAS COUNTY ("Dallas County"), DALLAS COUNTY SHERIFF'S DEPARTMENT, a department of Dallas County, Texas ("Sheriff's Department") and ADAM INFANTE, in his official capacity as Sheriff of Dallas County, Texas ("Infante"), JOHN DOE 1, JOHN DOE 2, JOHN DOE 3, JOHN DOE 4, and JOHN DOE 5, and with this Complaint allege as follows:

**I.    NATURE AND PURPOSE OF THE ACTION**

1.01     Prior to September 22, 2022, Plaintiff Shamond Lewis had been medically diagnosed with the mental illness schizophrenia.  Although he had this condition, he took prescribed medications, was physically healthy, lived alone and supported himself. Moreover, he had previously been booked in the Dallas County Jail (Lew Sterrett facility)

and they were aware of his mental health condition.  On September 22, 2022, Plaintiff Shamond Lewis was arrested by the Dallas Police Department on an aggravated assault charge.  At the scene of the arrest, a Dallas County Sheriff recommended that Mr. Lewis be taken to a mental health hospital.  However, the Dallas Police Officers insisted on taking him to the Dallas County Jail.

1.02      On September 22, 2022, at the time Mr. Lewis was incarcerated in the Dallas County Jail, he was mentally ill.  Plaintiff Sophia Lewis alleges that the Defendants had a duty, but failed to implement policies, practices and procedures that respected Shamond Lewis' constitutional right to medical treatment for mental illness, his constitutional right not to be beaten and physically abused as a inmate, that the Defendants violated the statutory rights of Shamond Lewis to be free of disability based discrimination and to receive appropriate services to accommodate his disability, and that the Defendants implemented and/or approved policies which deprived Mr. Lewis of necessary treatment and care for his mental illness.

1.03      Sophia Lewis claims that the Defendants' failure to implement the necessary policies and the implementation of unconstitutional policies deprived Shamond Lewis of due process under the Fourteenth Amendment, constituted cruel and unusual punishment prohibited by the Eighth Amendment, and caused them unwarranted and excruciating mental anguish, exacerbation of his mental disabilities, disfigurement, and in the case of Shamond Lewis, death.

1.04      For these civil rights violations, Plaintiff Sophia Lewis seeks damages to compensate Plaintiff Sophia Lewis for Shamond Lewis' injuries and/or death.  Plaintiff Sophia Lewis brings this action under 42 U.S.C. § § 1983 and 1988; the Eighth and

Fourteenth Amendments to the United States Constitution; Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 794a; the American with Disabilities Act ("ADA"); Tex.. Civ. Prac. & Rem. Code § 77.021, Rule 65, F.R.C.P.; Rule 57, F.R.C.P.; and other constitutional provisions and laws of the State of Texas and the United States, to recover damages for the wrongful treatment of Shamond Lewis while he was incarcerated in the Dallas County Jail and the wrongful death of Shamond Lewis as a result of injuries he sustained in the Dallas County Jail.

## II.  JURISDICTION AND VENUE

2.01    This court has original jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and since Plaintiff is suing for relief under 42 U.S.C. § 1983 and the ADA.

2.02    Venue is appropriate in the United States District Court, Northern District of Texas, Dallas Division, since Dallas County, and the Sheriff's Department are located in such division and the events made the basis of this cause of action occurred in such division.

## III. PARTIES

3.01    **Plaintiff SOPHIA LEWIS** sues Individually And As Personal Representative of the Estate of Shamond Lewis, Deceased.  At all relevant times, Shamond Lewis was a citizen of the United States and a resident of Dallas County.  Prior to and at the time of his injuries and death, Shamond Lewis was an arrested inmate in the custody of Dallas County.

3.02    **Defendant, DALLAS COUNTY, TEXAS**, is a county of the State of Texas. Dallas County funds and operates the Dallas County Jail.  Defendant Dallas County is responsible for the implementation of the policies, procedures, practices, and customs, as well as the acts and omissions, challenged by this suit.  Defendant Dallas County is also

responsible for ensuring that all its facilities, including the Dallas County Jail, are, in compliance with federal and state law, department or agency policies, rules, and regulations, and related standards of care.  Dallas County is a public entity within the meaning of Title II of the Americans with Disabilities Act, 42 U.S.C. 1213 1(1).  Dallas County may be served by serving its County Judge, Clay Jenkins, Dallas County Administration Building, 411 Elm Street, #200, Dallas, Texas 75202.

3.03    **Defendant, DALLAS COUNTY SHERIFF'S DEPARTMENT**, is a Department of Dallas County, Texas.  It may be served by serving Sheriff Adam Infante or his successor at 133 N. Riverfront Blvd., #31, Dallas, Texas 75207.

3.04    **Defendant ADAM INFANTE**, is the duly-elected and duly-sworn Sheriff of Dallas County, Texas.  At all relevant times, Infante was the policymaker for Dallas County with respect to all matters concerning the care and custody of inmates in the Dallas County Jail.  Infante was responsible for ensuring that the custody, safekeeping, medical needs, housing, and discharge of all inmates, including Shamond Lewis, was in compliance with federal and state law, department and agency policies, and rules, regulations and related standards of care, including the implementation of the policies, procedures, practices, and customs and the acts and omissions challenged by this suit.  At all relevant times, Defendant Infante was acting under color of law.  Adam Infante may be served at 133 N. Riverfront Blvd., #31, Dallas, Texas 75207.

3.05    **Defendant JOHN DOE 1**, is a duly-sworn Deputy Sheriff of Dallas County, Texas and an employee of the Dallas County Sheriff's Department.  At all relevant times, **Defendant John Doe 1** was legally responsible to follow and implement the policies of the Dallas County Sheriff's Department and the United States Constitution with respect to all

matters concerning the care and custody of inmates in the Dallas County Jail. **Defendant John Doe 1** was responsible for ensuring that the custody, safekeeping, medical needs, housing, and discharge of all inmates, including Shamond Lewis, was in compliance with federal and state law, department and agency policies, and rules, regulations and related standards of care, including the implementation of the policies, procedures, practices, and customs and the acts and omissions challenged by this suit. At all relevant times, **Defendant John Doe 1** was acting under color of law.

3.06      **Defendant JOHN DOE 2**, is a duly-sworn Deputy Sheriff of Dallas County, Texas and an employee of the Dallas County Sheriff's Department. At all relevant times, **Defendant John Doe 2** was legally responsible to follow and implement the policies of the Dallas County Sheriff's Department and the United States Constitution with respect to all matters concerning the care and custody of inmates in the Dallas County Jail. **Defendant John Doe 2** was responsible for ensuring that the custody, safekeeping, medical needs, housing, and discharge of all inmates, including Shamond Lewis, was in compliance with federal and state law, department and agency policies, and rules, regulations and related standards of care, including the implementation of the policies, procedures, practices, and customs and the acts and omissions challenged by this suit. At all relevant times, **Defendant John Doe 2** was acting under color of law.

3.07      **Defendant JOHN DOE 3**, is a duly-sworn Deputy Sheriff of Dallas County, Texas and an employee of the Dallas County Sheriff's Department. At all relevant times, **Defendant John Doe 3** was legally responsible to follow and implement the policies of the Dallas County Sheriff's Department and the United States Constitution with respect to all matters concerning the care and custody of inmates in the Dallas County Jail. **Defendant**

**John Doe 3** was responsible for ensuring that the custody, safekeeping, medical needs, housing, and discharge of all inmates, including Shamond Lewis, was in compliance with federal and state law, department and agency policies, and rules, regulations and related standards of care, including the implementation of the policies, procedures, practices, and customs and the acts and omissions challenged by this suit. At all relevant times, **Defendant John Doe 3** was acting under color of law.

3.08      **Defendant JOHN DOE 4**, is a duly-sworn Deputy Sheriff of Dallas County, Texas and an employee of the Dallas County Sheriff's Department. At all relevant times, **Defendant John Doe 4** was legally responsible to follow and implement the policies of the Dallas County Sheriff's Department and the United States Constitution with respect to all matters concerning the care and custody of inmates in the Dallas County Jail. **Defendant John Doe 4** was responsible for ensuring that the custody, safekeeping, medical needs, housing, and discharge of all inmates, including Shamond Lewis, was in compliance with federal and state law, department and agency policies, and rules, regulations and related standards of care, including the implementation of the policies, procedures, practices, and customs and the acts and omissions challenged by this suit. At all relevant times, **Defendant John Doe 4** was acting under color of law.

3.09      **Defendant JOHN DOE 5**, is a duly-sworn Deputy Sheriff of Dallas County, Texas and an employee of the Dallas County Sheriff's Department. At all relevant times, **Defendant John Doe 5** was legally responsible to follow and implement the policies of the Dallas County Sheriff's Department and the United States Constitution with respect to all matters concerning the care and custody of inmates in the Dallas County Jail. **Defendant John Doe 5** was responsible for ensuring that the custody, safekeeping, medical needs,

housing, and discharge of all inmates, including Shamond Lewis, was in compliance with federal and state law, department and agency policies, and rules, regulations and related standards of care, including the implementation of the policies, procedures, practices, and customs and the acts and omissions challenged by this suit.  At all relevant times, **Defendant John Doe 5** was acting under color of law.

### IV. STATE ACTION

4.01    Defendants, and each of them, were at all times and in all matters herein material acting under color of state law when they subjected Shamond Lewis to the wrongs and injuries hereinafter set forth.

4.02    Defendant Infante is a policymaker for the Sheriff's Department and the Dallas County Jail.  As such, he acted under color of state law for purposes of formulating the policies and procedures for the jail during the time of the events made the basis of this litigation.

### V.  COMMON FACTS

5.01    For many years, the Dallas County Jail has failed to provide appropriate mental health and medical services to mentally ill prisoners in the jail.  The jail, and those responsible for mental health and medical services at the jail, failed to ensure that mental health patients were promptly evaluated and treated, with the result that in some instances mental health patients waited weeks after incarceration for evaluation and medication.

5.02    These failures were a matter of public record through incidents publicized in local print and broadcast media, through investigations by Dallas County and other governmental entities, and through lawsuits initiated against these Defendants and others

alleging failures to meet constitutionally required levels of mental health and medical services.

5.03      On or about October 29, 2002, Defendant Dallas County entered into a written agreement with University of Texas Medical Branch – Galveston ("UTMB") pursuant to which UTMB agreed to provide certain mental health services to persons incarcerated in the Dallas County Jail (the "UTMB Contract").   The agreement was to become effective on January 1, 2003.

5.04      Former Dallas County Sheriff Jim Bowles, in his official capacity, recommended the UTMB Contract.

5.05      Prior to the UTMB Contract, primary health care and required hospital services to detainees at the Dallas County Jail had been provided by Dallas County and the Hospital District.

5.06      Under the terms of the UTMB Contract, certain "covered services" were to be provided by UTMB.   These covered services included the disbursement and delivery of pharmacy medications **and the provision of psychiatric services**.   UTMB agreed to provide all services under the UTMB contract for a flat fee price of Five Dollars and Forty-Nine Cents per inmate, per day.

5.07      It was expressly agreed in the UTMB Contract that UTMB would provide such services for such rate "with no variation regardless of profit or loss of any party."   Under terms of the agreement, UTMB provides quarterly invoices for their services to the Hospital District.

5.08      The UTMB Contract provided for minimum staffing levels relating to psychological services at the various Dallas County Jail locations.

5.09      Under the term of the Covered Services attachment to the UTMB agreement, UTMB agreed to:

    a.      **Provide initial mental health screening within 24 hours of book-in**; and

    b.      Examine detainees in need of psychiatric care within three days for acute cases and within seven days for routine cases.

5.10      Under the terms of the Covered Services attachment to the UTMB agreement, UTMB agreed to "procure, dispense, deliver and administer all medications to inmates …" UTMB specifically agreed to continue medication for new inmates already on medication at the time of book-in for up to fourteen days.  All medications were to be administered within 24 hours from the time the prescription was written.

5.11      At all relevant times during and after the implementation of the UTMB contract, the Dallas County Jail failed to ensure that when inmates with mental illness, like Shamond Lewis, are booked into the jail, they are evaluated and periodically re-evaluated, so that their mental health and any changes in their medical or mental health condition can be addressed.

5.12      Even though Shamond Lewis was already in the Dallas County Jail system as having mental illness, and even though the Dallas Police Officers who arrested him on September 22, 2022 were informed that Shamond had a history of mental illness, when Shamond presented signs of his mental illness on September 23, 2022 – when he became irritated when he was asked to change into jail attire – Defendants ignored those signs, and failed to provide appropriate mental health and medical care.  Instead of calling in a mental health expert to counsel with Shamond, he was physically restrained by several staff members and physically beaten and abused.

5.13    The poor practices and indifference exhibited by the Defendants as outlined above resulted in severe physical and mental injuries to Shamond Lewis, and in the death of Shamond Lewis.

## VI. FACTS PARTICULAR TO SHAMOND LEWIS' CLAIM

6.01    Shamond Lewis was a physically healthy 24-year-old male who suffered from paranoid schizophrenia.  On or about September 22, 2022, he was arrested for aggravated assault at a bus stop near his home in Mesquite, Texas.  A Dallas County Sheriff allegedly witnessed Shamond hit another male with his hand.  However, Shamond did have a knife in his possession. Shamond was detained.  Dallas Police Officer's were called and came to the scene.  Shamond's mother, Sophia Lewis also came to the scene.   When she arrived, she informed the Dallas County Sherriff Officer and the Dallas Police Officers' that Shamond had schizophrenia and that he may not have taken his medication recently.   Although the Dallas County Sherriff Officer wanted to have Shamond taken to a hospital that treats mentally ill patients, the Dallas Police Officer's said they had to arrest and take him to Lew Sterrett.

6.02    On September 22, 2022, at approximately 12:17 p.m., officers with the Dallas Police Department processed Shamond into the Dallas County Jail at 111 W. Commerce St., City of Dallas, Dallas County, Texas 75207.  Shamond was arrested for the onsite offense of Aggravated Assault w/Deadly Weapon, F2258454.  During the booking process, Shamond was placed on suicide precaution and monitored in an intake holding single cell.

6.03    At the time of his book-in, and all relevant times after, Shamond was mentally ill, and his mental illness constituted a serious medical condition which required appropriate treatment and medication.

6.04    At the time of his book-in, and all relevant times after, Shamond's mental illness and his serious medical condition was known to Dallas County Jail personnel.

6.05    At the time of his book-in, pursuant to Defendant's policies, Dallas County Jail officials did not provide Shamond medication for his condition within the first 24 hours of his book-in.

6.06    At approximately 11:34 p.m., detention staff transferred Shamond to the second floor Release Section to be processed into a housing unit.    Shamond was placed in a single cell holding unit.

6.07    On Friday, September 23, 2022, at approximately 12:41 a.m., Shamond was escorted to the Changeout Room to change into jail attire.  Shamond became irritated and allegedly refused. At the point of refusal, Dallas County Jail officials did not call for a psychiatrist, psychologist, or counselor to speak with Shamond and address his mental illness.  Instead, several jailers (staff) (Defendant John Doe 1, Defendant John Doe 2, Defendant John Doe 3, Defendant John Doe 4 and Defendant John Doe 5) physically beat and assaulted Shamond while physically changing his clothes and placing him in a six-point restraint chair.  After this, Dallas County Jail officials claim simply that as they provided Shamond some water, he became unresponsive.  He was transported to Parkland Hospital.  **Upon admission to Parkland Hospital on 09/23/2022 at 2:23 a.m., medical doctors noted to have (1) body shows signs of diffuse trauma, including to the head, (2) evidence of trauma, (3) abrasions of multiple sites, and (4) a reduced level of consciousness**.

6.08    **On 09/29/2022 at 6:48 p.m., Shamond Lewis died and pronounced Brain Dead in Parkland Hospital**.

## VII.  CAUSES OF ACTION

7.01    Plaintiff re-alleges paragraphs 1.01 to 6.08, inclusive, with regard to all causes of action.

7.02    Pursuant to terms of §71.021, et seq., Tex. Civ. Prac & Rem. Code, Shamond Lewis'

right of recovery for personal injuries, pain and suffering, mental anguish, medical expenses, and

other damages he could recover in his own right were he alive survives to the benefit of his heirs.

7.03    The Defendants, each of them, had actual notice of the injuries to Shamond Lewis, and of

the death Shamond Lewis.

7.04    Any conditions precedent has occurred, been performed, or have been waived.

### A.  CLAIMS UNDER 42 U.S.C. §1983 AND THE 5th, 8th AND 14th AMENDMENTS TO THE U.S. CONSTITUTION AS TO ALL DEFENDANTS

7.05    The Defendants, and each of them, acting under color of law and acting pursuant to

customs and policies of Dallas County, the Sheriff's Department, and Infante AND John Doe 1 –

5 deprived Shamond Lewis of rights and privileges secured to them by the Fifth, Eight, and

Fourteenth Amendments to the United States Constitution and by other laws of the United States,

by failing to provide proper medical treatment, through indifference to his medical and mental

health needs, and through erroneous procedures, in violation of 42 U.S.C. §1983 and related

provisions of federal law and in violation of the cited constitutional provisions.  Because of

improper, inadequate, and erroneous procedures adopted and utilized by Dallas County, the

Sheriff's Department, and Infante,  death or injury to other mental health patients incarcerated in

the jail is likely to occur in the future.

7.06    On information and belief, Defendants, acting through official policies, practices, and

customs, and with deliberate, callous, and conscious indifference to the constitutional rights of

Shamond Lewis, and all other inmates in the Dallas County Jail failed to implement the policies,

procedures, and practices necessary to provide constitutionally adequate mental health treatment,

and medical services to Shamond Lewis during his incarceration in the Dallas County Jail and

implemented policies, procedures, and practices which actually interfered with or prevented Shamond Lewis from receiving mental health treatment and medical services.

7.07    These actions by the Defendants subjected Shamond Lewis to confinement with constitutionally inadequate mental health treatment, and medical services such as:

    a.    evaluation and treatment for Shamond Lewis' mental health condition within three days as provided in the UTMB contract for acute cases or within seven days as provided in the UTMB contract for routine cases;

    c.    The proper identification, reporting, and notice of the mental health status of Shamond Lewis as required by Texas jail standards;

    d.    Medical records that are accurate, complete, and transmitted to the proper mental health professionals in the Dallas County Jail.

7.08    These actions by the Defendants further violated the rights of Shamond Lewis through the Defendants policies such as:

    a.    the failure to staff the jail facility with appropriate numbers of properly trained mental-health professionals;
    b.    the failure to monitor the confinement of inmates who were mentally ill to ensure that all mentally ill inmates were receiving mental health treatment, medical services, and medication;

    c.    the failure to adequately and effectively train custodial staff with regard to mentally ill inmates, and the rights of mentally ill inmate to receive mental health treatment, medical services, and medication;

    e.    the failure to adopt and enforce standard operating procedures which governed determining and accessing whether an inmate has a documented mental-health illness and which mat be documented in the Dallas County Jail intake system so that such individual can be treated appropriately for such illness.

7.09    The Defendants, and each of them, as applicable, intentionally, and with deliberate indifference, deprived Shamond Lewis of his clearly established federal constitutional rights, including, but not limited to:

    a.    Shamonds Lewis' right to life;

    b.    his right to reasonably safe conditions of confinement;

     c.     their right to receive proper mental health treatment, medical services and medications for their mental illness and serious medical conditions;

     d.     his right to be free from cruel and unusual punishment; and

     f.     his rights to due process as an inmate being booked into the Dallas County Jail.

7.10    In addition, Defendants, and each of them, as applicable, failed to train their personnel adequately on the appropriate polices, practices or procedure regarding the evaluation and treatment of mental health patients in the jail. In so doing, Defendants knew that they were acting against clear dictates of current law and knew that as a direct consequence of their deliberate decisions, the very situation that occurred – i.e., injury and death to prisoners – in all reasonable probability would occur.

7.11    Defendant, through these actions, proximately caused the deprivation of Plaintiff's rights to due course of law and right to be free from cruel or unusual punishment and dangerous conditions resulting in the injuries and death of Shamond Lewis and the injuries suffered by Shamond Lewis. The actions of the Defendants were singularly, or in combination, a legal cause of injuries and damages to Shamond Lewis.

### B. AMERICANS WITH DISABILITIES ACT AND SECTION 504 OF THE REHABILITATION ACT AS TO THE COUNTY AND THE SHERIFF'S DEPARTMENT

7.12    The facts as alleged above in Paragraphs IV-VIII and the policies and practices described in Section IX, B, as applied to Shamond Lewis violate the American with Disabilities Act, 42 U.S.C. §12132 and Section 504 of the 1973 Rehabilitation Act (29 U.S.C. 794).

7.13    Due to their present or past status as a mentally ill inmate, Plaintiff is a "qualified individual with a disability" as defined in 42 U.S.C. §12131(2), and "qualified handicapped individual" as used in 29 U.S.C. § 794.

7.14    Defendants Dallas County and Dallas County Sheriff's Department are each a "public entity" as defined in 42 U.S.C. §12131(1).

7.15    Defendants Dallas County and Dallas County Sheriff's Department receive federal financial assistance to conduct law enforcement and incarceration activities and are thus covered by the mandate of Section 504.

7.16    The Dallas County Jail is a facility and its operation comprises a program and services, for Section 504 and Title II purposes.

7.17    Defendants Dallas County and Dallas County Sheriff's Department failed and refused to reasonably accommodate the mental disabilities of Shamond Lewis, in violation of Title II of the ADA and Section 504, by failing to provide:

      a.    appropriate mental health services to Shamond Lewis; and

      b.    services to Shamond Lewis that kept him from harm.

7.18    Defendants Dallas County and Dallas County Sheriff's Department failed and refused to modify its Jail facilities, services, accommodations, and program to reasonably accommodate the mental disabilities of Shamond Lewis in violation of Title II of the ADA and Section 504 by failing to provide:

      a.    appropriate mental health services to Shamond Lewis; and

      b.    services to Shamond Lewis that kept him from harm.

7.19    Defendants Dallas County and Sheriff's Department discriminated against Shamond Lewis based on his mental disabilities by implementing policies, practices, and procedures that had the following effects:

      a.    providing medical services to inmates in a manner that discriminates against mentally disabled inmates;

      b.     denying mentally ill inmates services that are provided to inmates who are not mentally ill that keep them from harm; and

      c.     denying mentally ill inmates counseling and non-physical discipline during moments of non-compliance and illness.

7.20    Defendants Dallas County and Dallas County Sheriff's Department's violations of the ADA and Section 504 were a proximate cause of Shamond Lewis' death and the injuries suffered by Shamond Lewis.

## VIII. REQUESTED RELIEF

8.01    Plaintiff re-alleges paragraphs 1.01 to 7.20, inclusive, with regard to all requests for relief.

8.02    As a direct and proximate result of Defendant's negligence, Plaintiff suffered the following injuries and damages.

      a.     Physical pain and mental anguish sustained by Shamond Lewis prior to his death;

      b.     Physical impairment and loss of enjoyment of life suffered by Sophia Lewis as a result of Shamond Lewis' death;

      c.     Past disfigurement suffered by Shamond Lewis prior to his death;

      d.     Reasonable funeral and burial expenses incurred by Shamond Lewis' estate;

      e.     Loss of consortium in the past and future;

      g.     Loss of companionship and society in the past and future;

      h.     Pain and Mental anguish of Sophia Lewis past and future;

      i.     Medical expenses past and future

## IX. JURY DEMAND

9.01    Plaintiff respectfully demands a trial by jury.

## PRAYER

**PLAINTIFFS' ORIGINAL COMPLAINT**                     **Page 16**

**WHEREFORE, PREMISES CONSIDERED,** Plaintiff prays that Defendants be cited to appear and answer herein and that, upon final hearing, Plaintiff have the following relief:

a.      Recovery of damages consistent with this complaint.

b.      Recovery of costs herein expended.

c.      Prejudgment interest and post judgment interest as permitted by law.

d.      Such other and further relief to which Plaintiff may be entitled at law or in equity.

Dated: <u>February 17, 2023</u>

                                   Respectfully submitted,

                                   CLARK │ VON PLONSKI │ ANDERSON

                                   By: *Collen A. Clark*
                                   **COLLEN A. CLARK**
                                   State Bar No. 04309100
                                   **JACOB L. von PLONSKI**
                                   State Bar No. 24098554
                                   **R. CONNOR BARBE**
                                   State Bar No. 24108598
                                   **LINDA LE**
                                   State Bar No. 24126312
                                   3500 Maple Avenue, Suite 1250
                                   Dallas, Texas 75219
                                   214-780-0500
                                   214-780-0501 Facsimile
                                   Eservice – eservice@cvpalaw.com

                                   *In association with:*
                                   **THE PIPKIN LAW FIRM**

                                   **STEPHEN C. PIPKIN**
                                   State Bar No. 00784766
                                   3500 Maple Avenue, Suite 1250
                                   Dallas, Texas 75219
                                   Telephone: 214-780-0512
                                   Facsimile: 866-789-6956
                                   Email – steve@pipkinlawfirm.com
                                   tamy@pipkinlawfirm.com
                                   ***Attorneys for Plaintiff***