COLLEN A. CLARK
cclark@cvpalaw.com
R. CONNOR BARBE
connor@cvpalaw.com
JACOB VON PLONSKI
jake@cvpalaw.com
LINDA LE
linda@cvpalaw.com
JON ANDERSON
jon@cvpalaw.com

CvPA

CLARK | VON PLONSKI | ANDERSON

Dallas: 214.780.0500
Tyler: 903.597.0500
Lufkin: 936.634.1414
cvpalaw.com

January 31, 2024

***<u>Via ECF</u>***
Karen Mitchell, Clerk of the Court
United States District Court for the Northern District
1100 Commerce Street
Dallas, Texas 75242

Re: Civil Action No. 3:23-CV-0381-D; *Sophia Lewis vs Dallas County, et al,* In the United States District Court for the Northern District

Dear Ms. Mitchell,

This letter is in response to Order dated January 17, 2024 [Doc 26].

Plaintiff filed this suit pursuant to 42 U.S.C. §§1983 and 1988 and the Fourth and Fourteenth Amendments to the United States Constitution. Plaintiff seeks damages for the unconstitutional treatment of her son Shamond Lewis while he was incarcerated in the Dallas County Jail and the wrongful death of Shamond Lewis as a result of injuries he sustained in the Dallas County Jail under the Texas wrongful death statute, and as representative of his Estate, damages under the Texas survival statute.

At this stage of the litigation, Dallas County has been served. The Honorable Court recently granted Plaintiff's Motion for Leave to add additional Defendants on both January 22, 2024, and January 23, 2024. The new Defendants that were added include Unknown Medical Providers 1-7 as well as Dallas County Hospital District, d/b/a Parkland Health.

The Individual Officers were originally named in this litigation on October 16, 2023. Plaintiff acknowledges that service has not been perfected on the individual officers. Prior to the 90-day deadline for service expiring, Plaintiff's counsel inquired with Dallas County regarding service of the individual officers. The Attorneys for Dallas County relayed to Plaintiff's Counsel that they could not accept service or waive service for the individual officers. During this conference on this issue, the attorneys for Dallas County provided Plaintiff with the appropriate information to start the service process on the individual officers. This process is currently pending internally through Elizabeth Lutton, the Legal Advisor for Dallas County Sheriff, Marian Brown. As this is a case against individual police officers, pursuant to the Texas Government Code, Plaintiff did not have access to the individual officer's personal information, i.e., home address for individualized service of process.

Plaintiff also notes that separate from this response, Plaintiff and Defendant Dallas County are working together on a Motion to Vacate all the pending deadlines in the litigation, or in the alternative a Motion for Continuance based on the addition of the new parties in January of 2024. In conferring about the need new deadlines, the parties have agreed that depositions at this stage in the litigation would be improper, as additional counsel for the Hospital Entity, potential counsel for some of the individual officers, and potential counsel for some of the individual medical providers will need to be present for the depositions. Further, when the additional parties are finally joined, this would necessitate the re-taking of depositions and initiating other forms of discovery to include the additional attorneys and parties. Plaintiff believes that this is the reason allowing service on the individual officers to continue would not inconvenience Dallas County, or this Court.

Alternatively, Plaintiff would request an extension of time for service of process. Even if no good cause is shown, a court has discretion to extend the time to serve the defendant. *Kurka v. Iowa Cnty*., 628 F.3d 953, 957 (8th Cir. 2010); *Lemoge*, 587 F.3d at 1198; see *Henderson v. United States*, 517 U.S. 654, 662 (1996); *Zapata v. City of N.Y.*, 502 F.3d 192, 196–97 (2d Cir. 2007).

Were the Court to find that good cause does not lie in this case, it is well within the Court's discretion to order an extension of time for service of process. Accordingly, for the reasons stated herein, Sophia Lewis requests the Court to grant a motion for an extension of 60 days so that she may complete the service process on the Individual Officers.

If the Court grants plaintiff's request for 60 additional days, the extension will enable plaintiff to perfect service on the individual officers through the process that has already been initiated, it will not prejudice the unserved defendants, and will not inconvenience the Court, any party, or any witness. *Fowler v. Jones*, 899 F.2d 1088, 1094 (11th Cir. 1990).

Sincerely,

R. Connor Barbe

RCB:db

cc: Stephen C. Pipkin
Joseph W. Spence