IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| SOPHIA LEWIS, INDIVIDUALLY AND | § | |
| AS REPRESENTATIVE OF THE ESTATE | § | |
| OF SHAMOND LEWIS, DECEASED | § | Civil Action No. 3:23-CV-00381-D |
| | § | |
| VS. | § | |
| | § | |
| DALLAS COUNTY, et al | § | **JURY DEMANDED** |

**BRIEF IN SUPPORT OF MOTION FOR RULE 7 REPLY OF DEFENDANTS ADARIA JOHNSON, LVN, KELECHI NWAZUE, RN, CARMEN DAVIS, RN, AND YEWANDE WILSON, NP**

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

Defendants Adaria Johnson, L.V.N., Kelechi Nwazue, RN, Carmen Davis, RN, and Yewande Wilson, NP submit this Brief in support of their Motion for a 7(a)(7) Reply.

## I.
## Rule 7(a)(7) Reply

The Fifth Circuit has adopted a heightened pleading requirement and procedure for cases involving 42 U.S.C.A. §1983 claims against governmental officials asserting the defense of qualified immunity. *See, e.g., Schultea v. Wood,* 47 F.3d 1427 (5th Cir. 1995) (en banc) "[W]hen a plaintiff sues a public official under §1983, the district court must insist on heightened pleading by the plaintiff." *Morin v. Caire,* 77 F.3d 116, 121 (5th Cir. 1996); *see also Elliot v. Perez,* 751 F.2d 1472, 1473 (5th Cir. 1985) ("we require of trial judges that they demand that the plaintiff's complaint state with factual detail and particularity the basis for the claim, which necessarily includes why the defendant-official cannot successfully maintain the defense of immunity").

Encompassed within this is the right of each defendant to be informed of the allegations against them in a fact-specific way. Under established procedure, trial courts may require a plaintiff

to file a reply pursuant to Federal Rule of Civil Procedure 7(a) to the defense of qualified immunity, in which the plaintiff must "support the claims with *sufficient precision and factual specificity* to raise a genuine issue as to the illegality of defendants' conduct at the time of the alleged acts." *Reyes v. Sazan*, 168 F.3d 158, 161 (5th Cir. 1999) (emphasis added), quoting *Schultea*, 47 F.3d at 1434; *see also Baca v. Joshi*, 2008 WL 4369767 *2 (N.D. Tex. 2008) (plaintiff "must allege particularized facts which, if proved, would defeat a qualified immunity defense").

**II.**
**Defendants' Status as Employees of a Governmental Entity**

Defendants, each sued herein in their private/individual capacity, have answered asserting that at the time and on the occasion in question they were acting within the scope of their employment as a health care professional with the Dallas County Hospital District d/b/a Parkland Health ("DCHD/Parkland"), and they have each plead the defense of qualified immunity. (Dkt. ____, p. ____.)

DCHD/Parkland was and is a governmental entity, i.e. a hospital district, which is a political subdivision of the State of Texas created and existing pursuant to Texas Constitution Article IX, §4, and Texas Health & Safety Code §281.002. *See Kassen v. Hatley*, 887 S.W.2d 4, 13 (Tex. 1994); *Scott v. Dallas County Hospital District*, 2010 WL 7138 *6 (N.D. Tex. 2010); and *Tarrant County Hosp. Dist. v. Ray*, 712 S.W.2d 271, 273-74 (Tex. App.—Fort Worth 1986, writ ref'd n.r.e.) ("hospital district" held to be a "local unit of government" for purposes of the Texas Tort Claims Act).

**III.**
**Plaintiff's Non-Specific Allegations About Defendant "Medical Providers"**

Plaintiff has long had the DCHD/Parkland Correctional Health medical records detailing each Movant/Defendant's involvement in Mr. Lewis's care during his incarceration of September

22-23, 2022. Nevertheless, the allegations in Plaintiff's Fifth Amended Complaint about Defendants Adaria Johnson, L.V.N., Kelechi Nwazue, RN, Carmen Davis, RN, and Yewande Wilson, are not specific as to each of them. All of the jail health care providers are lumped together in a group Plaintiff refers to as "Unknown1-7 (Medical Providers)," and Plaintiff's allegations lack precision and factual specificity as to each and every one of them:

> 3.05 Upon information and belief, **Defendants Unknown 1-7 Medical Providers** are Dallas County employees working at the Dallas County Jail (whom Plaintiff understands to be nurses and medical staff) in the Dallas County Sheriff's Department. Plaintiff requests the court to allow discovery to identify the unknown defendants. Plaintiff does have the following partial names of Unknown medical providers 1-7. They are:
>
> 1. Nurse A. Johnson, LVN
> 2. Y. Wilson, Provider;
> 3. C. Davis, Provider;
> 4. W. Patricia, RN;
> 5. K. Nmazue, RN;
> 6. M. Annah, LVN; and,
> 7. A. Ola, LVN
>
> 3.06 Each Defendant's acts or omissions complained of herein arises from their conduct while acting under color of law, under color of the statutes, ordinances, regulations, policies, customs and usages of the State of Texas and/or Dallas County. **Defendants unknown 1-7 Medical Providers** were legally responsible to follow and implement the policies of the Dallas County Sheriff's Department and the United States Constitution with respect to all matters concerning the medical care of inmates in the Dallas County Jail. **Defendants unknown 1-7 Medical Providers** were responsible for ensuring that all medical devices and equipment are available to immediately apply medical care, and providing medical treatment to all inmates, including Shamond Lewis, in compliance with federal and state law, department and agency policies, and rules, regulations and related standards of care, including the implementation of the policies, procedures, practices, and customs and the acts and omissions challenged by this suit. **Defendants John Doe 1-7 Medical Providers** are sued in their individual capacities.

Dkt 32, pp5-6

> 6.02 Defendant DALLAS COUNTY HOSPITAL DISTRICT d/b/a PARKLAND HEALTH through its contract with Dallas County is liable under 42 U.S.C. § 1983 for

> creating, maintaining, and perpetuating the conditions of confinement that resulted in the constitutionally inadequate medical care at the Dallas County Jail. The actions and/or omissions of Defendant DALLAS COUNTY HOSPITAL DISTRICT d/b/a PARKLAND HEALTH and unknown Medical Providers 1-7 were taken under color of state law pursuant to the authority delegated by Dallas County and with deliberate indifference to the known Constitutional right of Mr. Lewis to not be deprived of life or liberty without due process of law guaranteed by the Fourteenth Amendment. Such actions, omissions and/or deprivations of Defendants Parkland Health and unknown Medical Providers 1-7 were made with deliberate indifference to Mr. Lewis' serious medical needs. Plaintiff pleads her claims against Defendant Dallas County Hospital District d/b/a Parkland Health under the alternative theories of conditions of confinement and episodic acts or omissions. Plaintiff asserts her claims against unknown Medical Providers 1-7 in their individual capacities.
>
> ****************************************************************
>
> 6.04 Unknown Medical Providers 1-7 failures include, but are not limited to, the following:
>
> a. Failure to take reasonable or appropriate precautions to prevent Mr. Lewis' death;
>
> b. Failure to provide appropriate medical evaluation and/or treatment to Mr. Lewis to address his known, obvious medical condition(s); and,
>
> c. Refusing to treat Mr. Lewis, ignoring his complaints, intentionally treating him incorrectly, or engaging in similar conduct that would evidence a wanton disregard for serious medical needs.
>
> 6.05 Alternatively, based on the allegations set forth in the complaint, Dallas County Hospital District d/b/a Parkland Health and unknown 1-7 Medical Providers, are liable for violating their applicable jail inmate standards of care and causing the death and pre-death pain and suffering of Shamond Lewis. These unconstitutional conditions of his confinement directly led to Mr. Lewis's death seven days after he booked into the Dallas County Jail.

Dkt 32, pp 16-19.

These allegations of Plaintiff's Fifth Amended Complaint do not make any effort to state any facts specific to each of these Defendants (or any of the other health care defendants) that, if

proven to be true, would state a cause of action that overcomes their defense of qualified immunity. If Plaintiff wants to maintain an action against these Defendants, they are each entitled to notice of allegations that are precise and factually specific as to each of them, rather than allegations that are non-factual and conclusory and do not distinguish them from other Defendants.

## IV.
## Argument and Authorities About Allegations and Proof Required to Defeat a QI Defense

Qualified immunity jurisprudence is well settled. In *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982), the Supreme Court established an objective test for determining if an official has qualified immunity from a §1983 claim. Under this test, "government officials performing discretionary functions generally are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Id. See also, Jefferson v. Ysleta Indep. Sch. Dist.*, 817 F.2d 303 at 305 (5th Cir. 1987). For a right to be "clearly established," it must be sufficiently clear that a reasonable official would understand that what she is doing violates that right. *Doe v. Taylor Indep. Sch. Dist., et al.*, 15 F.3d 443 at 455 (5th Cir. 1994), *cert. denied* 513 U.S. 815 (1994).

Qualified immunity applies to state officials sued for constitutional violations under 42 U.S.C.A. §1983. *See id.* at 818 n.30 (*citing Butz v. Economou*, 438 U.S. 478, 504 (1978). "The Supreme Court has characterized the doctrine as protecting 'all but the plainly incompetent or those who knowingly violate the law.'" *Cozzo v. Tangipahoa Parish Counsel-President Gov't*, 270 F.3d 273, 284 (5th Cir. 2022) (*quoting Malley v. Briggs*, 475 U.S. 335, 341 (1986). "The defendant's acts are held to be objectively reasonable unless all reasonable officials in the defendant's circumstances would have then known that the defendant's conduct violated the plaintiff's asserted constitutional or federal statutory right." *Id.* (*quoting Thompson v. Upshur Cnty.*, 245 F.3d 447, 457 (5th Cir. 2001).

The qualified immunity defense reflects an attempt to balance competing values: not only the importance of a damages remedy to protect the rights of citizens, but also "the need to protect officials who are required to exercise discretion and the related public interest in encouraging the vigorous exercise of official authority." *Scheuer v. Rhodes*, 416 U.S. 232 (1974).

The bifurcated test for qualified immunity is (1) whether a plaintiff has alleged a violation of a clearly established constitutional right; and, (2) if so, whether the defendant's conduct was objectively unreasonable in the light of clearly established law at the time of the incident. *Colston v. Barnhart,* 130 F.3d 96 at 99 (5th Cir. 1997); *see also, Weatherspoon v. Dallas County Medical Department,* 2006 WL 1234825 (N. D. Tex, 2006).

Mr. Lewis's status as a pre-trial jail detainee rather than a convicted inmate is not relevant to this analysis, because it has been held that the Eighth Amendment right to a certain level of medical care (not to be denied care for a subjectively known serious medical need with deliberate indifference) has been found to apply to pre-trial detainees through the Fourteenth Amendment. *Hare v. City of Corinth*, 74 F. 3d 633, 638-39, 647 (5th Cir. 1996) (en banc). *See also Gibbs v. Grimmette*, 254 F.3d 545, 548 (5th Cir. 2001).

An Eighth Amendment (or, as here, a Fourteenth Amendment) claim consists of two components, one objective and one subjective. *Farmer v. Brennan*, 511 U.S. 825, 839 (1994). To satisfy the <u>objective</u> requirement, a plaintiff must prove that he was exposed to a substantial risk of serious harm. *Id.* at 834; *Lawson v. Dallas County*, 286 F.3d 257, 262 (5th Cir. 2002). Substantial risk of serious harm has been defined as a harm that is "…so grave that it violates contemporary standards of decency to expose *anyone* unwillingly to such a risk." *Helling v. McKinney*, 509 U.S. 25, 36 (1993).

Plaintiff must also demonstrate that each Defendant was deliberately indifferent to that risk. *See Farmer*, 511 U.S. at 834; *Lawson*, 286 F.3d at 262. The deliberate indifference standard is a subjective inquiry. A plaintiff must establish that a defendant was actually aware of an excessive risk to the plaintiff's health or safety, and yet consciously disregarded the risk—that defendant was not only aware of facts from which an inference of a serious medical need and substantial risk of harm could be drawn, but that defendant actually subjectively came to that conclusion and chose to be indifferent. *Farmer*, 511 U.S. at 837, 840-41; *Cope v. Cogdill*, 3 F.4th 198, 206-07 5th Cir. 2021); *Calhoun v. Hargrove*, 312 F.3d 730, 734 (5th Cir. 2002); *Stewart v. Murphy*, 174 F.3d 530, 534 (5th Cir. 1999). 174; *Hare, supra*, 74 F.3d at 648; *Gobert v. Caldwell*, 463 F.3d 339, 346 (5th Cir. 2006).

As the court stated in *Domino v. Texas Dep't of Criminal Justice*, 239 F.3d 752, 754 (5th Cir. 2001), "deliberate indifference is an extremely high standard to meet." For example, an "incorrect" diagnosis by prison medical personnel does not suffice to state a claim for deliberate indifference. *Id.* at 756; *see also, Johnson v. Treen*, 759 F.2d 1236, 1238 (5th Cir. 1985). A plaintiff must show that the officials "refused to treat him, ignored his complaints, intentionally treated him incorrectly, or engaged in any similar conduct that would clearly evince a wanton disregard for any serious medical needs." *Id.* Even the "failure to alleviate a significant risk that [the official] should have perceived, but did not" is insufficient to show deliberate indifference. *Farmer*, 511 U.S. at 838. In *Mendoza v. Lynaugh*, 989 F.2d 191 (5th Cir. 1993), the Court upheld the trial court's dismissal of the inmate Plaintiff's claims for allegedly delayed medical care (which he said he badly needed for his back), noting from review of the medical records that he had in fact received ongoing treatment for his back (which he disagreed with). *Id.* at 193. "Further, delay in medical care can only constitute an Eight Amendment violation if there has been deliberate indifference,

which results in substantial harm." *Id.* at 195. *See also Delaughter v. Woodall, et al*, 909 F.3d 130, 138 (5th Cir. 2018) ("Delaughter's claim arises from the fact he has yet to receive a prescribed course of treatment [hip replacement surgery]; it does not arise from his subjective opinion of the sufficiency of his medical treatment that is either contradicted or unsupported by medical professionals.")

Plaintiff's Fifth Amended Complaint does not even attempt to undertake the above analysis with respect to each of these Defendants.

## V.
## Conclusion

In light of the above clearly-established authorities, Defendants assert that Plaintiff has not alleged a claim against each of them with sufficient particularity to overcome their affirmative defense of qualified immunity. Plaintiff is required to plead more than mere conclusions and general characterizations. Plaintiff's allegations must speak to the factual particulars of the conduct and professional decisions of <u>each</u> individual defendant under the circumstances of Shamond Lewis's presentation and identify the serious medical need subjectively known to each individual to which each she was allegedly deliberately indifferent.

"Heightened pleading *requires allegations of fact focusing specifically on the conduct of the individual who caused plaintiffs' injury*." *Reyes v. Sazan*, *supra*, 168 F.3d at 161 (emphasis added). This is exactly the relief Defendant is requesting.

WHEREFORE, PREMISES CONSIDERED, Defendants pray that this motion be in all things granted and for such other and further relief to which they may show themselves justly entitled.

Respectfully submitted,

/s/ Winston L. Borum
Winston L. Borum (02675500)
Watson, Caraway, Midkiff & Luningham, LLP
306 W. 7th Street, Suite 200
Fort Worth, Texas 76102
817.870.1717
Fax 817.338.4842
**WBorum@watsoncaraway.com**

Attorney for Adaria Johnson, LVN, Kelechi Nwazue, RN, Carmen Davis, RN, and Yewande Wilson, NP, Defendants

**Certificate of Service**

The undersigned certifies that the foregoing document was filed electronically in compliance with Local Rule CV-5(a). As such, this answer was served on all counsel who have consented to electronic service, Local Rule CV-5(a)(3)(A), on the date of e-filing.

/s/Winston L. Borum
Winston L. Borum