IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| SOPHIA LEWIS, INDIVIDUALLY AND | § | |
| AS REPRESENTATIVE OF THE ESTATE | § | |
| OF SHAMOND LEWIS, DECEASED | § | Civil Action No. 3:23-CV-00381-D |
| | § | |
| VS. | § | |
| | § | |
| DALLAS COUNTY, et al | § | **JURY DEMANDED** |

**BRIEF IN RESPONSE TO PLAINTIFF'S BRIEF CONCERNING DEFENDANTS' OBJECTION TO PROVIDING RULE 26(A)(1) DISCLOSURES, OF DEFENDANTS ADARIA JOHNSON, LVN, KELECHI NWAZUE, RN, CARMEN DAVIS, RN, AND YEWANDE WILSON, NP**

TO THE HONORABLE UNITED STATES MAGISTRATE JUDGE:

Defendants Adaria Johnson, L.V.N., Kelechi Nwazue, RN, Carmen Davis, RN, and Yewande Wilson, NP ("Defendants") submit this Brief in Response to Plaintiff's Brief Concerning Defendants' Objection to Providing Rule 26(a)(1) Disclosures (Dkt 69).

## I.
## Relevant Procedural Background

Plaintiff's Fifth Amended Complaint (Dkt 32) (Plaintiff's operative pleading) was filed January 23, 2024. Defendants timely answered May 24, 2024 asserting, *inter alia*, the defense of qualified immunity. (Dkt 58, pp 20-21.) On June 3, 2024 Defendants filed a Motion for Rule 7 Reply (Dkt 60), proposed order granting same (Dkt 60-1), and Brief in Support (Dkt 61). That motion is pending.

Before these Defendants appeared in the case, on May 30, 2024, co-Defendant Annette Grant served on counsel for Plaintiff and all other parties her Amended Objection to Making Rule 26(a)(1) Initial Disclosures, now attached to Defendant Grant's qualified immunity motion for

summary judgment. (Dkt 72, p 52). To Defendants' knowledge, Plaintiff has not asserted any complaint about Grant's objection.

On June 4, 2024 Defendants filed an Advisory to the Court (Dkt 62) giving notice that they object to making Rule 26(a)(1) initial disclosures until their entitlement to qualified immunity is resolved, referring to the "careful procedure" outlined in this Honorable United States Magistrate Judge's Memorandum Opinion and Order in the case of *Horace v. Lyles*, No. 3:23-cv-1424-D-BN, 2033 WL 6519750 (N.D. Texas 2023) (Horan, M.J.). <u>The Advisory did not address any other discovery</u>, it being Defendants' position that issues as to other forms of discovery are premature until the sufficiency of Plaintiff's allegations are determined after Plaintiff files her Rule 7 Reply to their defense of qualified immunity and Defendants then have the opportunity to challenge the allegations under Rule 12(c) or by motion for summary judgment.

On June 4, 2024 the Court issued an Order of Reference "to United States Magistrate Judge David L. Horan for determination of what disclosures—if any—are to be made, and the determination of a time for disclosure." (Dkt 63, p solo.) The Order did not mention referral of discovery other than initial disclosures.

On June 5, 2024 United States Magistrate Judge David L. Horan issued an Order Setting Briefing Schedule (Dkt 64) allowing Plaintiff required to file a brief to address the issues of Judge Fitzwater's referral and to explain why this case differs from *Horace*, cited in (Defendants') advisory to the Court. If Plaintiff does file a brief, the Objecting Defendants are allowed to file a brief in response…." (Dkt. 64, pp 1-2.) The deadline for Defendants to respond was extended via electronic order to June 20, 2024. (Dkt 66.) That Order also did not request briefing as to anything other than what is presented by Defendants' Advisory, *i.e.* their objection to making initial disclosures.

On June 13, 2024, Plaintiff filed a Brief Concerning Defendants' Objection to Providing Rule 26(a)(1) Disclosures (Dkt 69), addressing issues beyond Defendants' objection to initial disclosures. This is Defendants' Brief in Response.

## II.
## The "Careful Procedure" of *Horace v. Lyles*

The place to begin, then, must be United States Magistrate Judge David L. Horan's Memorandum Opinion & Order in *Horace v. Lyles*, No. 3:23-CV-1424-D-BN, 2023 WL 6519750 (N.D. Texas 2023). Plaintiffs' deceased died in jail, and they brought a civil rights death suit under 42 U.S.C. § 1983 against three police officers--who asserted the defense of qualified immunity and filed a letter objecting to the requirement that they make Rule 26(a)(1) initial disclosures until their entitlement to that defense was resolved. *Id*, at *1. The Court *sustained* the objection "until their entitlement to qualified immunity is resolved" and ordered "that they need not make any disclosures unless and until the Court finds that Plaintiffs have met their burden to overcome the qualified immunity defense <u>at the pleading stage</u>." *Id* at *3-4. (As Defendants will show below, the case as to them is still at the pleading stage.)

In reaching this outcome, Magistrate Judge Horan discussed the "careful procedure under which a district court may defer its qualified immunity ruling if further factual development is necessary to ascertain the availability of that defense." *Id* at p *2 (citing *Backe v. LeBlanc*, 691 F.3d 645, 648 [5th Cir. 2012]). The Court then observed that "courts in this circuit have followed this 'careful procedure' to determine whether to require initial disclosures by defendants who have asserted an entitlement to qualified immunity." *Horace*, 2023 WL 6519750 at *2 (citing *Burnett v. Kenner Police Dep't*, No. Civ. A. 02-1858, 2003 WL 1340294, at *1 [E.D. La. Mar. 17, 2003]).

**III.**
**Defendants' Replies to Issues Raised in Plaintiff's Brief**

Plaintiff's Brief Concerning Defendants' Objection to Providing Rule 26(a)(1) Disclosures (Dkt 69) was supposed "to address the issues that Judge Fitzwater has referred to (U.S. Magistrate Judge Horan) for determination and explain why this case differs from Horace, cited in the advisory to the Court." (Dkt 66, p 1.) Defendants assert that Plaintiff's Brief does not do so.

A. Most importantly, Plaintiff's Brief (Dkt 69) concedes that she "does not object to these defendants being permitted to defer making their Rule 26(a)(1) initial disclosures until their entitlement to qualified immunity is resolved, as the Court ordered in *Horace v. Lyles.*" (Dkt 69, p 3.) Elsewhere, Plaintiff's Brief says "Plaintiff does not object to these defendants being permitted to defer making their initial disclosures until the issue of qualified immunity is determined." (*Id*, p 5.) This should end the issue as to Defendants' entitlement to the only relief they assert in their Advisory (Dkt 62) referred to the U.S. Magistrate Judge: that Defendants not be required to make Rule 26(a)(1) initial disclosures until after a determination of their qualified immunity defense.

B. Plaintiff's Brief (Dkt 69) ignores the fact that on June 3, 2024, these Defendants filed a Motion for Rule 7 Reply (Dkt 60), proposed order granting same (Dkt 60-1), and Brief in Support (Dkt 61), asking that the Court order Plaintiff (under the heightened pleading standard required when qualified immunity is asserted) "to state with factual detail and particularity the basis for the claim which necessarily includes why the defendant-official cannot successfully maintain the defense of immunity." (Dkt 61, p 1) (relying on, e.g., *Schultea v. Wood*, 47 F.3d 1427 [5th Cir. 1995]; *Morin v. Claire*, 77 F.3d 116, 121 [5th Cir. 1996]; and *Elliot v. Perez*, 751 F.2d 1472, 1473 [5th Cir. 1985]). Defendants' Motion for Rule 7 Reply is pending. Plaintiff then attempts to distinguish

the case at bar from *Horace* on the ground that "(t)he defendants did not file a Motion to Dismiss in light of these allegations; instead, they filed an Answer" (Dkt 69, p 4), seeming to suggest that Defendants have somehow acquiesced to the sufficiency of the allegations of Plaintiff's Complaint. To the contrary, as just stated, Defendants have filed their Motion for Rule 7 Reply (Dkt 60) actually challenging the sufficiency of Plaintiff's having met the heightened pleading standard required when qualified immunity is asserted. Defendants' Motion for Rule 7 Reply should be granted, putting Plaintiff to the burden of making her best effort to state allegations specific to each Defendant (as opposed to Plaintiff's inadequate non-specific *collective* action allegations). "Heightened pleading *requires allegations of fact focusing specifically on the conduct of the individual who caused plaintiffs' injury*." *Reyes v. Sazan*, *supra,* 168 F.3d at 161 (emphasis added).

C. Plaintiff is prematurely trying to use her response to Defendants' objection to making initial disclosures (which Plaintiff's Brief says she does not oppose), to advance a currently hypothetical argument for *other* forms of "limited discovery" that Plaintiff does not specify and has not yet requested of these Defendants. Defendants assert that Plaintiff's entitlement to any *other* discovery from these Defendants, who have all asserted the defense of qualified immunity (Dkt 58, pp 20-21), can only appropriately be addressed after their Motion for Rule 7 Reply, and then Defendants' rights to contest the sufficiency of Plaintiff's Rule 7 Reply by filing motions under Rule 12(c) and/or Rule 56, have been adjudicated. Plaintiff's Brief appears to assume that the Court has determined that she has already met the "heightened pleading" requirements of this case, when this is not so. Judge Fitzwater's Order of Reference does not address the

motion for Rule 7(a) reply. (Dkt 63, p solo.) Plaintiff would be wrong in assuming that Defendants will not object and seek to stay any discovery that Plaintiff does not justify under the Fifth Circuit's "careful procedure" requirements prior to a determination of Defendants' entitlement to qualified immunity.

D. In prematurely seeking an order allowing discovery from these Defendants beyond initial disclosures, Plaintiff's Brief (Dkt 69) references "Judge Fitzwater's Memorandum Opinion and Order filed on November 1, 2023 (*Horace* doc. #23), in which Judge Fitzwater ordered that discovery was stayed in that case 'except as it bears upon the defense of qualified immunity.' *Horace v. Lyles*, reported 2023 WL 7170675, at *3." (Dkt 69, p 2.) However, Plaintiff ignores the procedural posture of *Horace* at the time Judge Fitzwater so ruled: he actually ordered Plaintiffs to file a Rule 7(a) reply, and then also granted what those Defendants were then requesting as to discovery, *i.e.,* that it be stayed "except as it bears upon the defense of qualified immunity." *Id* at *1, *3. That was all the relief then being requested by the *Horace* Defendants.

**IV.**
**Conclusion**

Plaintiff concedes that Defendants should not make Rule 26(a)(1) initial disclosures. There is no other pending discovery sought against these Defendants, and Plaintiff does not attempt to set out any specific discovery she may wish to seek in the future that she is prepared to demonstrate qualifies under the "careful procedure" required by the Fifth Circuit and discussed in *Horace*, except to say that "the scope of this discovery likely is more narrow than the scope of initial disclosures as set forth in Rule 26(a)(1), Fed. R. Civ. P." (Dkt 69, p 5). Plaintiff does not specify exactly what discovery she may in the future seek and from whom, and most importantly how it would relate only to the qualified immunity defense. In any event, such issues are not now before

the Court, and in Defendants' view should not even be considered until after Plaintiff has filed a Rule 7(a) reply that she claims will overcome Defendants' assertion of qualified immunity.

**V.**
**Prayer**

WHEREFORE, PREMISES CONSIDERED, Defendants pray that their objection to making Rule 26(a)(1) initial disclosures until after their defense of qualified immunity has been determined, be in all things granted, and for such other and further relief to which they may show themselves justly entitled.

Respectfully submitted,

/s/ Winston L. Borum
Winston L. Borum (02675500)
Watson, Caraway, Midkiff & Luningham, LLP
306 W. 7th Street, Suite 200
Fort Worth, Texas 76102
817.870.1717
Fax 817.338.4842
**WBorum@watsoncaraway.com**

Attorney for Adaria Johnson, LVN, Kelechi Nwazue, RN, Carmen Davis, RN, and Yewande Wilson, NP, Defendants

**Certificate of Service**

The undersigned certifies that the foregoing document was filed electronically in compliance with Local Rule CV-5(a). As such, this answer was served on all counsel who have consented to electronic service, Local Rule CV-5(a)(3)(A), on the date of e-filing.

/s/Winston L. Borum
Winston L. Borum