IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| SOPHIA LEWIS, Individually and as Representative of the Estate of Shamond Lewis, Deceased, | § § § § | |
| Plaintiff, | § § | |
| V. | § § | No. 3:23-cv-381-D |
| DALLAS COUNTY, ET AL., | § § § | |
| Defendants. | § | |

## ORDER SUSTAINING OBJECTION

In an advisory to the Court, Defendants Adaria Johnson, LVN, Kelechi Nwazue, RN, Carmen Davis, RN, and Yewande Wilson, NP ("Objecting Defendants") object to the requirement that they make initial disclosures under Federal Rule of Civil Procedure 26(a)(1) until their defense of qualified immunity is resolved. *See* Dkt. No. 62 at 3 (citing *Horace v. Lyles*, No. 3:23-cv-1424-D-BN, 2023 WL 6519750 (N.D. Tex. Oct. 5, 2023)).

Senior United States District Judge Sidney A. Fitzwater referred to the undersigned United States magistrate judge for determination under 28 U.S.C. § 636(b)(1)(A): (1) the objection; (2) what disclosures – if any – are to be made; and (3) a time for disclosure. *See* Dkt. No. 63.

As ordered, *see* Dkt. No. 64, the parties filed briefs to address the issues that Judge Fitzwater referred to the undersigned for determination and to explain why this case differs, if at all, from *Horace*, cited in the advisory to the Court, *see* Dkt. Nos. 69 & 73.

In her brief, Plaintiff Sophia Lewis states that she "does not object to these defendants being permitted to defer making their Rule 26(a)(1) initial disclosures until their entitlement to qualified immunity is resolved, as the Court ordered in *Horace v. Lyles*." Dkt. No. 69 at 3. And, as Objecting Defendants note in response, "[t]his should end the issue as to Defendants' entitlement to the only relief they assert in their Advisory (Dkt 62) referred to the U.S. Magistrate Judge: that Defendants not be required to make Rule 26(a)(1) initial disclosures until after a determination of their qualified immunity defense." Dkt. No. 73 at 4.

While the parties' briefs discuss further issues related to qualified immunity, Judge Fitzwater referred a discrete issue to the undersigned. And Lewis has now indicated that she does not oppose the requirement that Objecting Defendants not make initial disclosures under Federal Rule of Civil Procedure 26(a)(1) until their defense of qualified immunity is resolved.

The Court therefore SUSTAINS their objection for the reasons explained in *Horace*, 2023 WL 6519750, and ORDERS that Objecting Defendants need not make Rule 26(a)(1) initial disclosures until their defense of qualified immunity is resolved or as otherwise ordered by the Court.

SO ORDERED.

DATED: June 21, 2024

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE