**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **SOPHIA LEWIS, INDIVIDUALLY AND AS REPRESENTATIVE OF THE ESTATE OF SHAMOND LEWIS, DECEASED** | § § § § § | |
| **VS.** | § § | **CIVIL ACTION NO. 3:23-CV-00381-D** |
| **DALLAS COUNTY; SERGEANT CHRISTOPHER LOBODA; OFFICER JAMES MCDANIEL; OFFICER JAVIER TAVERA-LUNA; OFFICER ROCHELLE ROEMEN; OFFICER ANNETTE GRANT; and OFFICER FUQUAN CHILDRESS; PARKLAND HEALTH, A/K/A PARKLAND CORRECTIONAL HEALTH JOHN DOE 1-7 (MEDICAL PROVIDERS)** | § § § § § § § § § § | |

# RESPONSE TO DEFENDANT ANNETTE GRANT'S OBJECTIONS RAISED IN DEFENDANT GRANT'S REPLY BRIEF TO PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

COMES NOW, Plaintiff Sophia Lewis, who responds to the objections raised in Defendant Annette Grant's reply to Plaintiff's Response to Defendant Grant's Motion for Summary Judgment. In response, Plaintiff shows the Honorable Court the following:

## I. BACKGROUND

On June 14, 2024, Defendant Annette Grant filed a Motion for Summary Judgment Asserting Qualified Immunity. [Docket Entry No. 70]

On July 19, 2024, Plaintiff filed her Response to Defendant Grant's Motion for Summary Judgment. [Docket Entry No. 83]

On July 30, 2024, Defendant Grant filed a Reply Brief to Plaintiff's Response. [Docket Entry No. 87]. Within the brief[1], Defendant asserted multiple objections to the evidence raised in Plaintiff's Response. The documents that were objected to include transcribed statements of parties (Defendant Tavera and Defendant Grant) and a non-party officer (Officer Sawyer) that were interviewed by the Tarrant County Sheriff's office as a part of the official investigation into the death of Shamond Lewis, the Amended Custodial Death Report from the Attorney General's office, the Dallas County Medical Examiner's investigation narrative, and documents contained within both the Tarrant County Sheriff's investigation as well as the Dallas County investigation. The objections should be overruled because the documents are both authenticated, do not lack trustworthiness, and they are either not hearsay because they are statements of a party opponent, or there are noted exceptions to the Federal Hearsay Rule.

## II. ARGUMENT AND AUTHORITIES

The standard for authenticating evidence, is low, and may be satisfied "by evidence sufficient to support a finding that the matter in question is what its proponent claims." FED. R. EVID. 901. The Fifth Circuit "does not require conclusive proof of a document's authenticity, but merely a *prima facie* showing of some competent evidence in the record to support authentication." *United States v. Arce*, 997 F.2d 1123, 1128 (5th Cir. 1993) (citation and quotations omitted). Indeed, Rule 901 "merely requires some indicia of reliability to support a finding that the evidence in question is what its proponent claims it to be." *Acceptance Ins. Co. v. Newport Classic Homes, Inc.*, 2001 WL 513433, at *3 (N.D. Tex. May 11, 2001).

All that is required to authenticate an item of evidence is "evidence sufficient to support a finding that the item is what the proponent claims it is." FED. R. EVID. 901(a). "The standard for

[1] Attached as Exhibit 1.

authenticating evidence is low . . .” *Crompton Greaves, Ltd. v. Shippers Stevedoring Co.*, 776 F. Supp. 2d 375, 386 (S.D. Tex. 2011). Authenticating evidence “is not a heavy burden, and circumstantial evidence or testimony by a knowledgeable witness can be sufficient.” *Thompson v. Bank of America Nat. Ass'n,* 783 F.3d 1022, 1027 (5th Cir. 2015) (*citing United States v. Barlow*, 568 F.3d 215, 220 (5th Cir. 2009)). Relevant circumstantial evidence of authenticity includes “the document's own distinctive characteristics and the circumstances surrounding its discovery.” *United States v. Jackson*, 636 F.3d 687, 693 (5th Cir. 2011) (*citing In re McLain*, 516 F.3d 301, 308 (5th Cir. 2008)). “While evidence must be authenticated before the court considers it, it does not have to be authenticated with the motion for which it is being used,” and the court may “make its own determination regarding the evidence's authenticity.” *Prime Insurance Syndicate, Inc. v. Damaso*, 471 F. Supp. 2d 1087, 1093 (D. Nev. 2007) (*citing* FED. R. EVID. 901(b)(4); *Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542, 1550-51 (9th Cir. 1989); *Alexander Dawson, Inc. v. N.L.R.B.*, 586 F.2d 1300, 1302 (9th Cir. 1978)).

Hearsay is a statement that “a party offers in evidence to prove the truth of the matter asserted in the statement.” FED. R. EVID. 801(c). Business records are excluded from the rule against hearsay under Rule 803(6). FED. R. EVID. 803(6). The business records exception is easily met. The foundation witness need not have authored the records at issue or personally attest to their accuracy, and the records need not have been created by the business with custody of them. *United States v. Duncan*, 919 F.2d 981, 986 (5th Cir. 1990). “Instead, the primary emphasis of rule 803(6) is on the reliability or trustworthiness of the records sought to be introduced.” *Id.* (internal quotations omitted). The district court “has great latitude on the issue of trustworthiness, and the burden of establishing that a piece of evidence lacks trustworthiness is on its opponent.” *United States v. Smith*, 804 F.3d 724, 730 (5th Cir. 2015) (*citing Duncan*, 919 F.2d at 986; *Graef v. Chem.*

*Leaman Corp.*, 106 F.3d 112, 118 (5th Cir. 1997)) (internal quotations omitted). As the Fifth Circuit has noted, "[w]hether evidence is admissible under Rule 803(6) is 'chiefly a matter of trustworthiness.'" *Montes*, 481 F. Supp. 2d at 709 (quoting *United States v. Wells*, 262 F.3d 455, 459-60 (5th Cir. 2001)). Indeed, where the "circumstances indicate that the records are trustworthy, the party seeking to introduce them does not have to present the testimony of the party who kept the record or supervised its preparation." *Miss. River Grain Elevator, Inc. v. Bartlett & Co, Grain*, 659 F.2d 1314, 1318-19 (5th Cir. 1981)). Thus, business records meeting the requirements of Rule 803(6) are admissible absent a showing by the party moving to strike that the records are lacking in trustworthiness. *See Falk v. Axiam Inc.*, 944 F. Supp. 542, 546-47 (S.D. Tex. 1996) (finding documents admissible where "there is nothing to indicate that the [documents] are lacking in trustworthiness").

FED. R. EVID. 801(d)(2) excludes from hearsay all admissions by a party-opponent. Admissions by a party-opponent include, *inter alia*, any statement offered against a party and,

> "(A) was made by the party in an individual or representative capacity;
> (B) is one the party manifested that it adopted or believed to be true;
> (C) was made by a person whom the party authorized to make a statement on the subject;
> (D) was made by the party's agent or employee on a matter within the scope of that relationship and while it existed; or
> (E) was made by the party's coconspirator during and in furtherance of the conspiracy."

FED. R. EVID. 801(d)(2)

***A. Defendant did not properly object to the proffered evidence***

Defendant Grant's objections are not proper because Defendant failed to meet her burden to state her objection with specificity, as required by FED. R. EVID. 103(a)(1). Rule 103(a)(1) requires a party to state the specific ground of objection, if the specific ground was not apparent

from the context. The objecting party bears the burden to ensure that the court is "fully apprised" of the grounds of an objection. *United States v. Polasek*, 162 F.3d 878, 883 (5th Cir. 1998); *see also United States v. Jimenez Lopez*, 873 F.2d 769, 773 (5th Cir. 1989). These objections fail, because Defendant Grant does not explain the particular objection that applies to any particular statement; instead, she leaves to the Court to divine the basis for her objection to any particular statement.

It is Defendant Grant's burden to state her objections with specificity, and Defendant has failed to meet her burden here. *See Kira, Inc. v. All Star Maint.*, 2006 U.S. Dist. LEXIS 56654, at *10-11 (S.D. Tex. July 31, 2006) (rejecting objections and stating that the "shotgun approach is not a proper manner in which to make objections to summary judgment evidence" because it "essentially leaves it to the Court to guess which sentence of the allegedly offending paragraph suffers from which of the numerous flaws listed in the string objection"). Consequently, Defendant Grant's objections should be overruled on this ground.

***B. Analysis of the Exhibits at Hand***

**Exhibit 1 - Affidavit of R. Connor Barbe:**

1. Explanation of Exhibit:

This exhibit is an affidavit that attaches the exhibits used within Plaintiff's Response to Defendant Grant's Motion for Summary Judgment Asserting Qualified Immunity.

2. Objection Lodged: Fed. R. Evid. 901 – Failure to authenticate attached documents.
3. Response to the Objection: The authentication objection will be addressed in the following exhibits.

**Exhibit 2 - Chronology of Events:**

1. Explanation of Exhibit:

This exhibit was produced by Defendant Dallas County, as a part of the investigation into the death of Shamond Lewis. The exhibit is a brief timeline of the events that led to the death of Mr. Lewis.

2. Objection Lodged:

Fed. R. Evid. 801-803 – Hearsay; does not comply with any Hearsay exception; Fed. R. Evid. 901 – Improper authentication.

3. Response to the Objection:

FED. R. EVID. 801(d)(2) excludes from hearsay all admissions by a party-opponent. Admissions by a party-opponent include, inter alia, any statement offered against a party and is, (1) the party's own statement; (2) a statement by a person authorized by the party to make a statement concerning the subject, or (3) a statement by the party's agent concerning a matter within the scope of the agency. Here, the chronology of events document is admissible as an admission by a party opponent under Rule 801(d)(2)(D) of the Federal Rules of Evidence, and, therefore, not hearsay as this document was produced by Dallas County and is a part of the Dallas County investigation into the death of Lewis. Further, this record is a public record pursuant to FED. R. EVID. 803(8). Rule 803(8) excepts from the hearsay rule: "Records, reports, statements, or data compilations, ***in any form***, or public offices or agencies, setting forth (A) the ***activities*** of the office or agency, or (B) matters observed pursuant to ***duty imposed by law*** as to which matters there was a duty to report, . . ., or (C) in civil actions . . . ***factual findings*** resulting from an investigation made ***pursuant to authority granted by law***, unless the sources of information or other circumstances indicate lack of trustworthiness." FED. R. EVID. 803(8) (emphasis added). This exception is premised on the assumption that public officials perform their duties properly. *Moss v. Ole South Real Estate, Inc.*, 933 F.2d 1300, 1305 (5th Cir. 1991). Rule 803(8)(C) also excepts

from the hearsay rule opinions and conclusions in such reports, as well as facts. *Id*. Reports are presumed not excluded under the hearsay rule unless there are indications of untrustworthiness. *Id*. In light of this presumption the burden is on the party opposing admission of the report to prove the report's untrustworthiness, and this burden has not been met.

**Exhibit 6 – Tavera Statement:**

1. Explanation of Exhibit:

This exhibit is a transcribed version of Officer Tavera's interview that occurred on October 11, 2022. The interview was performed by Tarrant County Sheriff officers, Sergeant Shelton and Lieutenant Kelly. This interview is part of the investigation into the death of Shamond Lewis, Case Number 2022-14023.

2. Objection Lodged:

Fed. R. Evid. 801-803 – Hearsay; does not comply with any Hearsay exception; Appears incomplete; unsworn statements.

3. Response to the Objection:

FED. R. EVID. 801(d)(2) excludes from hearsay all admissions by a party-opponent. Admissions by a party-opponent include, inter alia, any statement offered against a party and is, (1) the party's own statement; (2) a statement by a person authorized by the party to make a statement concerning the subject, or (3) a statement by the party's agent concerning a matter within the scope of the agency. Here, the statements of Tavera are admissible as an admission by a party opponent under Rule 801(d)(2)(D) of the Federal Rules of Evidence, and, therefore, not hearsay. Further, the document is not "incomplete," as Plaintiff pulled the cited portions from the testimony to attach to her appendix as to not burden the court with pages of testimony not used within the briefing. However, should the Court desire, Plaintiff will tender the entire transcript to the Court

for its consideration. Finally, Plaintiff is not aware of the "unsworn statement" objection, but for hearsay purposes, the statement does not need to be sworn.

**Exhibit 8 – Tarrant County Sheriff's Office Report:**

1. Explanation of Exhibit:

This exhibit is the Tarrant County Sheriff's Office investigation information in report form. The Exhibit entails an incident/investigation report, reporting officer narratives, and supplemental reports from the Tarrant County Sheriff's officers involved in the investigation.

2. Objection Lodged:

Fed. R. Evid. 801-803 – Hearsay; does not comply with any Hearsay exception; unsworn statements; Fed. R. Evid. 702-703 – improper expert witness testimony by witness not qualified as an expert.

3. Response to the Objection:

This record is a public record pursuant to FED. R. EVID. 803(8). Rule 803(8) excepts from the hearsay rule: "Records, reports, statements, or data compilations, ***in any form***, or public offices or agencies, setting forth (A) the ***activities*** of the office or agency, or (B) matters observed pursuant to ***duty imposed by law*** as to which matters there was a duty to report, . . ., or (C) in civil actions . . . ***factual findings*** resulting from an investigation made ***pursuant to authority granted by law***, unless the sources of information or other circumstances indicate lack of trustworthiness." FED. R. EVID. 803(8) (emphasis added). This exception is premised on the assumption that public officials perform their duties properly. *Moss v. Ole South Real Estate, Inc.*, 933 F.2d 1300, 1305 (5th Cir. 1991). Rule 803(8)(C) also excepts from the hearsay rule opinions and conclusions in such reports, as well as facts. *Id.* Reports are presumed not excluded under the hearsay rule unless there are indications of untrustworthiness. *Id.* In light of this presumption the burden is on the party

opposing admission of the report to prove the report's untrustworthiness, and this burden has not been met.

**Exhibit 9 – Medical Examiner Investigation Narrative:**

1. Explanation of Exhibit:

This Exhibit is the Investigation Narrative from the Office of the Medical Examiner in Dallas County. This Exhibit is marked with the seal of Dallas County, as well as a seal from the Dallas County Institute of Forensic Sciences.

2. Objection Lodged:

Fed. R. Evid. 801-803 – Hearsay; does not comply with any Hearsay exception.

3. Response to the Objection:

This record is a public record pursuant to FED. R. EVID. 803(8). Rule 803(8) excepts from the hearsay rule: "Records, reports, statements, or data compilations, ***in any form***, or public offices or agencies, setting forth (A) the ***activities*** of the office or agency, or (B) matters observed pursuant to ***duty imposed by law*** as to which matters there was a duty to report, . . ., or (C) in civil actions . . . ***factual findings*** resulting from an investigation made ***pursuant to authority granted by law***, unless the sources of information or other circumstances indicate lack of trustworthiness." FED. R. EVID. 803(8) (emphasis added). This exception is premised on the assumption that public officials perform their duties properly. *Moss v. Ole South Real Estate, Inc.*, 933 F.2d 1300, 1305 (5th Cir. 1991). Rule 803(8)(C) also excepts from the hearsay rule opinions and conclusions in such reports, as well as facts. *Id.* Reports are presumed not excluded under the hearsay rule unless there are indications of untrustworthiness. *Id.* In light of this presumption the burden is on the party opposing admission of the report to prove the report's untrustworthiness, and this burden has not

been met. Further, this exhibit includes statements made for medical diagnosis pursuant to FED. R. EVID. 803(4). As such, this objection should be overruled.

**Exhibit 10 – Sawyer Statement:**

1. Explanation of Exhibit:

This exhibit is a transcribed version of Officer Sawyer's interview that occurred on October 7, 2022. The interview was performed by Tarrant County Sheriff officers, Detective Williams and Sergeant Shelton. This interview is part of the investigation into the death of Shamond Lewis, Case Number 2022-14023.

2. Objection Lodged:

Fed. R. Evid. 801-803 – Hearsay; does not comply with any Hearsay exception; Appears incomplete; unsworn statements.

3. Response to the Objection:

FED. R. EVID. 801(d)(2) excludes from hearsay all admissions by a party-opponent. Admissions by a party-opponent include, inter alia, any statement offered against a party and is, (1) the party's own statement; (2) a statement by a person authorized by the party to make a statement concerning the subject, or (3) a statement by the party's agent concerning a matter within the scope of the agency. Here, the statements of Sawyer, a Dallas County Sheriff's officer, are admissible as an admission by a party opponent under Rule 801(d)(2)(D) of the Federal Rules of Evidence, and are therefore, not hearsay as officer Sawyer is an employee of Defendant Dallas County and the statements concern the scope of her police employment. Further, the document is not "incomplete," as Plaintiff pulled the cited portions from the testimony to attach to her appendix as to not burden the court with pages of testimony not used within the briefing. However, should the Court desire, Plaintiff will tender the entire transcript to the Court for its consideration. Finally,

Plaintiff is not aware of the "unsworn statement" objection, but for hearsay purposes, the statement does not need to be sworn.

**Exhibit 11 – Amended Custodial Death Report:**

1. Explanation of Exhibit:

This Exhibit is the Custodial Death Report from the Office of the Attorney General of Texas, Ken Paxton. This exhibit includes the seal from the Attorney General's office and the final pages include a summary of the incident, a summary of the findings of the medical examiner, and conclusions.

2. Objection Lodged:

Fed. R. Evid. 801-803 – Hearsay; does not comply with any Hearsay exception.

3. Response to the Objection:

This record is a public record, from the Attorney General of Texas's office pursuant to FED. R. EVID. 803(8). Rule 803(8) excepts from the hearsay rule: "Records, reports, statements, or data compilations, ***in any form***, or public offices or agencies, setting forth (A) the ***activities*** of the office or agency, or (B) matters observed pursuant to ***duty imposed by law*** as to which matters there was a duty to report, . . ., or (C) in civil actions . . . ***factual findings*** resulting from an investigation made ***pursuant to authority granted by law***, unless the sources of information or other circumstances indicate lack of trustworthiness." FED. R. EVID. 803(8) (emphasis added). This exception is premised on the assumption that public officials perform their duties properly. *Moss v. Ole South Real Estate, Inc.*, 933 F.2d 1300, 1305 (5th Cir. 1991). Rule 803(8)(C) also excepts from the hearsay rule opinions and conclusions in such reports, as well as facts. *Id*. Reports are presumed not excluded under the hearsay rule unless there are indications of untrustworthiness.

*Id*. In light of this presumption the burden is on the party opposing admission of the report to prove the report's untrustworthiness, and this burden has not been met.

**Exhibit 12 – First Grant Statement:**

1. Explanation of Exhibit:

This exhibit is a transcribed version of Officer Grant's first interview that occurred on October 4, 2022. The interview was performed by Tarrant County Sheriff officer, Sergeant Shelton. This interview is part of the investigation into the death of Shamond Lewis, Case Number 2022-14023.

2. Objection Lodged:

Fed. R. Evid. 801-803 – Hearsay; does not comply with any Hearsay exception; Appears incomplete; unsworn statements.

3. Response to the Objection:

FED. R. EVID. 801(d)(2) excludes from hearsay all admissions by a party-opponent. Admissions by a party-opponent include, inter alia, any statement offered against a party and is, (1) the party's own statement; (2) a statement by a person authorized by the party to make a statement concerning the subject, or (3) a statement by the party's agent concerning a matter within the scope of the agency. Here, the statements of Grant, a defendant in the lawsuit, are admissible as an admission by a party opponent under Rule 801(d)(2)(D) of the Federal Rules of Evidence, and are therefore, not hearsay. Further, the document is not "incomplete," as Plaintiff pulled the cited portions from the testimony to attach to her appendix as to not burden the court with pages of testimony not used within the briefing. However, should the Court desire, Plaintiff will tender the entire transcript to the Court for its consideration. Finally, Plaintiff is not aware of the "unsworn statement" objection, but for hearsay purposes, the statement does not need to be sworn.

**Exhibit 13 – Second Grant Statement:**

1. Explanation of Exhibit:

This exhibit is a transcribed version of Officer Grant's second interview that occurred on October 7, 2022. The interview was performed by Tarrant County Sheriff officers, Detective Williams and Sergeant Shelton. This interview is part of the investigation into the death of Shamond Lewis, Case Number 2022-14023.

2. Objection Lodged:

"Fed. R. Evid. 801-803 – Hearsay; does not comply with any Hearsay exception; Appears incomplete; unsworn statements."

3. Response to the Objection:

FED. R. EVID. 801(d)(2) excludes from hearsay all admissions by a party-opponent. Admissions by a party-opponent include, inter alia, any statement offered against a party and is, (1) the party's own statement; (2) a statement by a person authorized by the party to make a statement concerning the subject, or (3) a statement by the party's agent concerning a matter within the scope of the agency. Here, the statements of the statements of Grant, a defendant in the lawsuit, are admissible as an admission by a party opponent under Rule 801(d)(2)(D) of the Federal Rules of Evidence, and, therefore, not hearsay. Further, the document is not "incomplete," as Plaintiff pulled the cited portions from the testimony to attach to her appendix as to not burden the court with pages of testimony not used within the briefing. However, should the Court desire, Plaintiff will tender the entire transcript to the Court for its consideration. Finally, Plaintiff is not aware of the "unsworn statement" objection, but for hearsay purposes, the statement does not need to be sworn.

## III. CONCLUSION

As shown above, Plaintiff Sophia Lewis has produced ample competent summary judgment evidence to demonstrate that genuine issues of material fact exist with respect to Defendant Annette Grant's entitlement to qualified immunity for the claims against her. This evidence precludes summary judgment in favor of Defendant Grant. Plaintiff therefore asks the Court to overrule Defendant Grant's objections to Plaintiff's evidence and deny Defendant Grant's Motion for Summary Judgment Asserting Qualified immunity in its entirety, permit this case to proceed to trial on the merits, and for all other relief to which Plaintiff may be entitled.

Respectfully submitted,

**CLARK | VON PLONSKI | ANDERSON**

By: *Jacob von Plonski*

**COLLEN A. CLARK**
State Bar No. 04309100
**JACOB L. von PLONSKI**
State Bar No. 24098554
**R. CONNOR BARBE**
State Bar No. 24108598
**LINDA LE**
State Bar No. 24126312
3500 Maple Avenue, Suite 1250
Dallas, Texas 75219
214-780-0500
214-780-0501 Facsimile
Eservice – eservice@cvpalaw.com

*In association with:*

**THE PIPKIN LAW FIRM**

**STEPHEN C. PIPKIN**
State Bar No. 00784766
3500 Maple Avenue, Suite 1250
Dallas, Texas 75219

Telephone: 214-780-0512
Facsimile: 866-789-6956
Email – steve@pipkinlawfirm.com

***Attorneys for Plaintiff***

## CERTIFICATE OF SERVICE

This will certify that the foregoing document has been served upon the following counsel of record by electronic service via the Court's CM/ECF system in accordance with the FEDERAL RULES OF CIVIL PROCEDURE on the 20th day of August 2024.

JOHN CREUZOT CRIMINAL DISTRICT ATTORNEY DALLAS COUNTY, TEXAS
Joseph W. Spence, Assistant District Attorney
Jason G. Schuette, Assistant District Attorney
Dallas County Records Building
500 Elm Street, Suite 6300
Dallas, Texas 75202
**ATTORNEYS FOR DEFENDANTS DALLAS COUNTY, CHRISTOPHER LOBODA, JAMES MCDANIEL, JAVIER TAVERA-LUNA, ROCHELLE ROEMEN, AND FUQUAN CHILDRESS**

Edwin P Voss , Jr.
Brown & Hofmeister
740 E Campbell Rd., Suite 800
Richardson, Texas 75081
**ATTORNEY FOR DEFENDANT ANNETTE GRANT**

Winston L Borum
Watson Caraway Midkiff & Luningham LLP
306 W 7th Street, Suite 200
Fort Worth, TX 76102
**ATTORNEY FOR DEFENDANTS ADARIA JOHNSON, LVN, KELECHI NWAZUE, RN, CARMEN DAVIS, RN, AND YEWANDE WILSON, NP**

*/s/ Jacob von Plonski*
**JACOB VON PLONSKI**