UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| SOPHIA LEWIS, Individually and as Representative of the Estate of Shamond Lewis, Deceased, | § | |
| Plaintiff, | § | |
| v. | § | CIVIL ACTION NO. 3:23-CV-0381-D |
| | § | |
| DALLAS COUNTY, et al., | § | |
| Defendants. | § | |

**DEFENDANT GRANT'S RESPONSE TO PLAINTIFF'S MOTION FOR LEAVE TO SUPPLEMENT THE SUMMARY JUDGMENT RECORD, AND BRIEF**

TO THE HONORABLE JUDGE OF SAID COURT:

Defendant Annette Grant ("Defendant" or "Grant") files the following response and brief to Plaintiff's Motion for Leave to Supplement the Summary Judgment Record, filed August 1, 2024 (ECF Doc. No. 88) ("Plaintiff's Motion"), and urges the court to deny Plaintiff's Motion. In support hereof, Defendant respectfully shows the court the following:

## I. PROCEDURAL STATUS OF CASE

This case was initially filed on February 17, 2023. *See* court's Docket. After several amendments to Plaintiff's complaint, Plaintiff's Fifth Amended Complaint was filed on January 23, 2024, and is Plaintiff's current live pleading. *Id.* (ECF Doc. No. 32). Plaintiff's Fifth Amended Complaint asserts two claims against Grant under 42 U.S.C. § 1983: (a) excessive force, and (b) bystander liability. *Id.* Grant was served with summons and a copy of Plaintiff's Fifth Amended Complaint in February 2024, and filed her answer on March 27, 2024. *Id.* (ECF Doc. No. 42). In her answer, Grant asserted entitlement to qualified immunity as to both § 1983 claims asserted against her. *Id.*, at pp. 12-14. Further, Grant has objected to any discovery occurring as to her, including objecting to providing Rule 26(a)(1) initial disclosures, relying on

her qualified immunity defense. *See* Appendix in Support of Defendant Grant's Response to Plaintiff's Motion for Leave to Supplement the Summary Judgment Record ("Appendix"), pp. 003-006, 008. Plaintiff has not filed a motion to compel discovery from Grant, nor has Plaintiff otherwise previously disputed Grant's claim of qualified immunity protection from discovery. *See, generally*, the court's Docket.

On June 14, 2024, Defendant Grant's Motion for Summary Judgment Asserting Qualified Immunity, accompanying Brief, and accompanying Appendix, were filed. *See* court's Docket (ECF Doc. Nos. 70, 71 and 72) (collectively, "Defendant's Qualified Immunity Motion"). Defendant's Qualified Immunity Motion asserts entitlement to dismissal of both of Plaintiff's § 1983 claims against Grant based upon Grant's entitlement to qualified immunity. *Id.* After obtaining an extension of time, on July 19, 2024, Plaintiff's Response to Defendant Grant's Motion for Summary Judgment Asserting Qualified Immunity, accompanying Brief, and accompanying Appendix, were filed. *See* court's Docket (ECF Doc. Nos. 83, 84 and 85). In Plaintiff's Response, Plaintiff did not assert a need for discovery under Rule 56(d) in order to address or assert specific factual disputes concerning Defendant's Qualified Immunity Motion. *Id*. On July 23, 2024, Defendant Grant's Reply Brief to Plaintiff's Response to Defendant's Motion for Summary Judgment was filed. *Id.* (ECF Doc. No. 87). In Grant's Reply Brief, Grant asserted that Plaintiff's summary judgment response was not sufficient to defeat Grant's entitlement to qualified immunity, not only based on the summary judgment evidence, but also even assuming Plaintiff's allegations of fact concerning events in the change-out room were true. Grant's Reply, ECF Doc. No. 87, at pp. 4, 6.[1]

[1] In Grant's Reply, Grant observed that Plaintiff's Response neither responded to nor rebutted Grant's entitlement to qualified immunity as to Plaintiff's bystander liability claim. Grant's Reply, ECF Doc. No. 87, p. 8. Plaintiff's Motion likewise makes no mention of any issue with the bystander liability claim against Grant.

On July 23, 2024, Plaintiff's counsel sent a written request by e-mail to all counsel to announce Plaintiff's general desire to take fifteen (15) depositions in this case, including the deposition of Grant, notwithstanding Grant's assertion of qualified immunity. *See* Appendix, p. 007. The undersigned counsel responded to Plaintiff's counsel's request, on July 23, 2024, and objected to any discovery occurring in this case based upon Grant's assertion of her qualified immunity defense, and pending the court's determination of Grant's summary judgment motion asserting qualified immunity, citing the protections afforded to Grant under qualified immunity principles, including reference to *Carswell v. Camp*, 54 F.4th 307, 311-12 (5th Cir. 2022), and noting that no assertion of a need for discovery under Rule 56(d) was presented in Plaintiff's summary judgment response. *See* Appendix, pp. 008-009. Plaintiff's Motion was filed thereafter. *See* court's Docket.

## II. <u>ARGUMENT AND AUTHORITIES</u>

### A. <u>Legal Standards Applicable to Rule 56(d) Motions in Qualified Immunity Cases</u>

Plaintiff's Motion, at p. 1, asserts a general need for discovery in this matter pursuant to Rule 56(d) of the Federal Rules of Civil Procedure. Rule 56(d) provides:

> **(d) When Facts Are Unavailable to the Nonmovant.** If a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may:
>
> (1) defer considering the motion or deny it;
> (2) allow time to obtain affidavits or declarations or to take discovery; or
> (3) issue any other appropriate order.

Fed.R.Civ.P. 56(d).

Plaintiff's Motion supports her claimed need for supplementation of her already-submitted summary judgment evidence by relying on *Winfrey v. San Jacinto County*, 481 Fed.App'x 969, 982-83 (5th Cir. 2012) and *Spencer v. Fei, Inc.*, 725 Fed.App'x 263, 269 (5th

Cir. 2018). Plaintiff's Motion, pp. 2-3. Both *Winfrey* and *Spencer* discuss only general rationale and principles concerning Rule 56(d) additional discovery requests.[2] In the instant case, however, more specific jurisprudence applies.

Grant has moved for summary judgment by asserting entitlement to qualified immunity based on the summary judgment evidence that fails to create a dispute of a material fact. *See* Defendant's Qualified Immunity Motion, Brief and Appendix, and Defendant's Reply (ECF Doc. Nos. 70, 71, 72 and 87). Specifically, Plaintiff asserts a claim of excessive force against Grant. Plaintiff's Fifth Amended Complaint, pp. 20-21. For Plaintiff to prevail on such a claim as a pre-trial detainee under the Fourteenth Amendment, Plaintiff must establish that Grant used force maliciously and sadistically for the very purpose of causing harm to Mr. Lewis rather than in a good faith effort to maintain or restore discipline. Brief in Support of Defendant Grant's Motion for Summary Judgment, ECF Doc. No. 71, p. 8 (citing *Hudson v. McMillian*, 503 U.S. 1, 6 (1992)). Force against a pretrial detainee is excessive and a violation of the Fourteenth Amendment when the force was objectively unreasonable. *Id.* (citing *Kingsley v. Hendrickson*, 576 U.S. 389, 396-97 (2015)). Several factors are to be considered when evaluating an excessive force claim in the context of a pre-trial detainee's claim. *Id.*, at pp. 8-9.

Government officials performing discretionary duties can respond to such an excessive force claim by asserting qualified immunity. Brief in Support of Defendant Grant's Motion for

[2] In *Winfrey*, after the Court of Appeals reviewed the nonmovant's requests for discovery, it noted that there were fifteen (15) specific items of discovery sought that focused on specific fact issues presented in the summary judgment motion, some of which warranted the exercise of the district court's discretion to allow discovery into those specific matters. *Winfrey*, 481 Fed.App'x at 983. *Winfrey* comes closer to mirroring the more specific Rule 56(d) analysis, in the context of qualified immunity discussed below, yet the general Rule 56(d) principles quoted from *Winfrey* in Plaintiff's Motion are inapposite. *Spencer* did not concern qualified immunity issues, and the Court of Appeals found that the district court's denial of the plaintiff's Rule 56(d) motion was not an abuse of discretion. *Spencer*, 725 Fed.App'x at 269.

Summary Judgment, ECF Doc. No. 71, pp. 3-7. When a defendant asserts qualified immunity in a summary judgment motion, the plaintiff as non-movant bears the burden to show that the defense does not apply. *Id.*, at p. 2. Further, the non-movant must identify specific evidence in the record and show how it presents a genuine issue of material fact for trial. *Id.* The non-movant must show that the evidence is sufficient to support a resolution of the factual issue in the non-movant's favor. *Id.*, at pp. 2-3.

All discovery is typically stayed pending a ruling on a defendant's entitlement to the defense of qualified immunity. *Carswell*, 54 F.4th at 311-12; *Zapata v. Melson*, 750 F.3d 481, 485 (5th Cir. 2014); *Backe v. LeBlanc*, 691 F.3d 645, 648 (5th Cir. 2012); *Wicks v. Miss. State Employment Servs., Inc.*, 41 F.3d 991, 994-95 (5th Cir. 1995); *Lion Boulos v. Wilson*, 834 F.2d 504 (5th Cir. 1987). The court may, under certain circumstances, permit limited discovery that is narrowly tailored to uncover facts that the court needs in order to rule on the qualified immunity defense. *See Wicks*, 41 F.3d at 994; *Backe*, 691 F.3d at 648 ("[T]his court has established a careful procedure under which a district court may defer its qualified immunity ruling if further factual development is necessary to ascertain the availability of that defense.").

More specifically, in the context of a pending summary judgment motion involving qualified immunity, the Fifth Circuit has ruled:

> Before limited discovery is permitted, a plaintiff seeking to overcome QI must assert facts that, if true, would overcome that defense. *See, e.g.*, *Zapata v. Melson*, 750 F.3d 481, 485 (5th Cir. 2014). It is not enough broadly to seek information that might impeach the defendants' version of events. Thus, the plaintiffs faltered at the first step of our two-step procedure. *See Backe*, 691 F.3d at 648. Moreover, they failed to identify any questions of fact that the court must resolve before determining QI, thereby failing the second step. *See id.* The district court did not abuse its discretion in denying the motion for limited discovery.

*Hutcheson v. Dallas County, Texas*, 994 F.3d 477, 481 (5th Cir. 2021), *cert. denied*, 142 S.Ct.

564 (2021).

The Fifth Circuit's opinion in *Hutcheson* was referring to this court's application of the standards used to consider a motion for leave to conduct discovery to respond to qualified immunity raised in a summary judgment motion. Such motion for discovery

> must include: (1) the specific interrogatories, if any, that Plaintiffs want to send to Defendants; (2) a list of the specific documents or specific categories of documents, if any, that Plaintiffs want to obtain from Defendants; and (3) an explanation of why this discovery is necessary to enable Plaintiffs to respond to the specific qualified immunity issues raised in the converted motion for summary judgment. The requested discovery must be narrowly tailored to uncover only those facts needed for the Court to rule on the qualified immunity defense and will only be permitted if Defendants' immunity defense turns at least partially on a factual question *and* the Court is unable to rule on the immunity defense without further clarification of the facts.

*Hutcheson v. Dallas County, Texas*, 2019 WL 1957997, at *2 (N.D. Tex., No. 3:17-CV-2021-BN, May 2, 2019) (mem. op.) (italics emphasis in original).

In *Hutcheson*, the plaintiffs argued that the discovery they sought was "legally necessary at this time 'so that they can learn whether Defendants are in possession of any information that could contradict the version of events that they advanced in their Amended Motion to Dismiss.'" *Hutcheson*, 2019 WL 1957997, at *3. This court found plaintiffs' argument in *Hutcheson* insufficient to justify ordering discovery to occur, because the plaintiffs failed to identify any questions of fact needed to be resolved in order for the court to rule on the pending summary judgment motion:

> Plaintiffs' attempt to obtain any evidence that may support a version of the facts that may defeat summary judgment on qualified immunity does not fit within the limited scope of a discovery request 'narrowly tailored to uncover only those facts needed to rule on the immunity claim.' *Backe*, 691 F.3d at 648; *Lion Boulos*, 834 F.2d at 507-08. And Plaintiffs' open-ended requests – to uncover any facts, as opposed to specific questions of fact, that may be helpful to their version of events – fail to advance the second step of the 'careful procedure' set forth in *Backe*, *Wicks*, and *Lion Boulos*, which requires that the district court 'identify any questions of fact it need[s] to resolve before it would be able to determine whether

> the defendants [are] entitled to qualified immunity.' *Zapata*, 750 F.3d at 485; *see also Zanitz v. Seal*, 602 F.App'x 154, 163 (5th Cir. 2015) (per curiam) ("Even a 'limited discovery' order does not satisfy the second step if 'the district court [does] not identify any questions of fact it need[s] to resolve before it would be able to determine whether the defendants [are] entitled to immunity.'" (citation omitted)).

*Hutcheson*, 2019 WL 1957997, at *3. For the plaintiffs' failure in *Hutcheson* to identify specific facts that needed to be resolved before the summary judgment motion on qualified immunity could be determined, the motion for limited discovery was denied. *Hutcheson*, 2019 WL 1957997, at *4, *aff'd*, 994 F.3d at 481. *See also Vess v. City of Dallas*, 2022 WL 1471432, at **1-2 (N.D. Tex., No. 3:21-CV-1764-D, May 10, 2022) (mem. op.) ("In this circuit, it is established that '[d]iscovery … must not proceed until the district court *first* finds that the plaintiff's pleadings assert facts which, if true, would overcome the defense of qualified immunity.'" (citing *Wicks*, *Hutcheson*, *Backe*, and others)) (italics emphasis in original).

**B. <u>Application of Legal Standards to Plaintiff's Motion</u>**

This court's decision in *Hutcheson*, as was affirmed by the Fifth Circuit Court of Appeals, and its progeny (*e.g.*, *Vess*, cited above), mandates that Plaintiff's Motion be denied. Plaintiff has not established facts that, if true, would overcome Grant's entitlement to qualified immunity. *See* Grant's Reply Brief, ECF Doc. No. 87. Further, Plaintiff's Motion has not identified a specific fact issue that requires discovery in this case, much less requires a deposition from Grant, to assist the court's determination of Defendant's Qualified Immunity Motion. Plaintiff's Motion only broadly seeks information regarding qualified immunity:

1. "[Plaintiff desires] to conduct limited discovery regarding qualified immunity in this matter, mainly by taking the deposition of Defendant Grant, and the other officers in the room where Lewis was restrained." Plaintiff's Motion, p. 1.

2. "… Plaintiff asks for the following depositions in order to obtain information regarding Defendant Grant's assertion of qualified immunity." Plaintiff's Motion, p. 3.

3. "Plaintiff requires discovery and deposition testimony to obtain additional information to properly respond to Defendants' Motions." Plaintiff's Motion, p. 3.

4. "[Discovery] will provide additional information from Defendants which is not currently available to Plaintiff, including their testimony regarding the events as they occurred and exactly what they observed." Plaintiff's Motion, p. 4.

5. "… a clear fact issue regarding Defendant Grant's assertion of qualified immunity which can only be further clarified with the ability to take these depositions." Plaintiff's Motion, p. 4 [the "clear fact issue" is not stated].

6. "[Discovery] to get a full accounting of what occurred in that room." Plaintiff's Motion, p. 4.

7. "If anything, Defendant Grants objections show the need to take these depositions to clarify the record and move this case forward." Plaintiff's Motion, p. 5.

None of the above-stated reasons asserted by Plaintiff to justify discovery satisfies the *Hutcheson* standards because there is no identified fact dispute that the court needs to resolve in order to be able to determine Grant's summary judgment motion asserting qualified immunity. *Hutcheson*, 994 F.3d at 481, and 2019 WL 1957997, at **3-4. Instead, as in *Hutcheson*, Plaintiff's Motion only asserts a generalized desire for discovery. *Id.*

Plaintiff's Motion further states a need for "discovery … on Defendant Grant's restraining techniques of standing on Lewis's back that led to Lewis's death," and "there remains an identifiable fact issue on whether Defendant Grant was standing on Lewis during the restraint." Plaintiff's Motion, pp. 1, 4. While it is true that Grant does not testify that she stood

on Mr. Lewis at any time (ECF Doc. No. 72, pp. 2-3), Defendant's Qualified Immunity Motion asserts, in the alternative, that ***even if*** the court were to accept as true the allegation that Ms. Grant stood on Mr. Lewis, Grant is nonetheless entitled to dismissal based upon her qualified immunity defense. *See* Grant's Brief, ECF Doc. No. 71, pp. 15-16; Grant's Reply, ECF Doc. No. 87, pp. 4, 6. Thus, there is no identified factual dispute requiring discovery on this issue.

Plaintiff's Motion additionally states a need for discovery to address: (a) whether there were five or eight people in the change-out room (Plaintiff's Motion, pp. 3-4); (b) "whether there was a cover-up" (Plaintiff's Motion, p. 4); and (c) "whether members of the Dallas County Sheriff's Office directed Officer Tavera-Luna to change his report to hide the constitutional excessive force violations that led to Lewis's death" (Plaintiff's Motion, p. 4). None of those matters are material to Grant's qualified immunity defense, were not raised either in Defendant's Qualified Immunity Motion or in Plaintiff's response thereto, and simply address peripheral matters that do not comply with the *Hutcheson* standards vis-à-vis a purported need for discovery to address disputed facts necessary to determine Grant's claim of qualified immunity. *Hutcheson*, 994 F.3d at 481, and 2019 WL 1957997, at **3-4.

Lastly, Plaintiff's Motion raises additional matters that do not appear in Plaintiff's Fifth Amended Complaint, nor in Plaintiff's response to Defendant's Qualified Immunity Motion, on page 5 of Plaintiff's Motion: "This is a restraint that can cause positional asphyxiation, which explains how Lewis was essentially dead by the time he reached the hospital." Plaintiff's Motion also refers to an as-yet unidentified and un-designated "medical expert" who "will likely be able to relate the autopsy and injuries to the unlawful restraint and death." Plaintiff's Motion, p. 5. These issues are new and previously un-asserted by Plaintiff, and do not raise any identifiable fact issue to support discovery needed to determine Grant's qualified immunity defense. *See*

*Hutcheson*, 994 F.3d at 481, and 2019 WL 1957997, at **3-4.

The Affidavit of Jacob Von Plonski, which accompanies Plaintiff's Motion (ECF Doc. No. 88-1) asserts the same generalized needs for discovery discussed above, does not identify a fact dispute that requires discovery to assist the court in determining Grant's qualified immunity defense, and reinforces Plaintiff's failure to comply with the *Hutcheson* standards. *See Hutcheson*, 994 F.3d at 481, and 2019 WL 1957997, at **3-4.

WHEREFORE, PREMISES CONSIDERED, Defendant Annette Grant prays that the court deny Plaintiff's Motion for Leave to Supplement the Summary Judgment Record. Defendant prays for such other and further relief to which she may be justly entitled.

Respectfully submitted,

By: /s/ *Edwin P. Voss, Jr.*
Edwin P. Voss, Jr.
State Bar No. 20620300
evoss@bhlaw.net
BROWN & HOFMEISTER, L.L.P.
740 East Campbell Road, Suite 800
Richardson, Texas 75081
214-747-6100 (Telephone)
214-747-6111 (Telecopier)

ATTORNEY FOR DEFENDANT GRANT

**CERTIFICATE OF SERVICE**

"No certificate of service is required when a paper is served by filing it with the court's electronic-filing system." Rule 5(d)(1)(B) of the Federal Rules of Civil Procedure. This paper is served upon all counsel of record in accordance with Rule 5(b)(2) of the Federal Rules of Civil Procedure because it was filed with the court's electronic-filing system on August 22, 2024.

/s/ *Edwin P. Voss, Jr.*
Edwin P. Voss, Jr.