IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| SOPHIA LEWIS INDIVIDUALLY AND AS REPRESENTATIVE OF THE STATE OF SHAMOND LEWIS, DECEASED, Plaintiff, | § § § § | CIVIL ACTION NO. 3:23-CV-00381-D |
| v. | § § | |
| DALLAS COUNTY, TEXAS et al., Defendants. | § § § | |

**DEFENDANTS LOBODA, McDANIEL, TAVERA-LUNA, ROEMEN, AND CHILDRESS'S RESPONSE TO PLAINTIFF'S MOTION FOR LEAVE TO SUPPLEMENT THE SUMMARY JUDGMENT RECORD**

JOHN CREUZOT
CRIMINAL DISTRICT ATTORNEY
DALLAS COUNTY, TEXAS

Joseph W. Spence
Assistant District Attorney
Texas Bar No. 18913500
joseph.spence@dallascounty.org
Jason G. Schuette
Assistant District Attorney
Texas Bar No. 17827020
jason.schuette@dallascounty.org

Dallas County Records Building
500 Elm Street, Suite 6300
Dallas, Texas 75202
Phone: (214) 653-7358
Fax: (214) 653-6134

Attorneys for Defendants Dallas County, Sergeant Christopher Loboda, Officer James McDaniel, Officer Javier Tavera-Luna, Officer Rochelle Roemen, and Officer Fuquana Childress

## TABLE OF CONTENTS

TABLE OF AUTHORITIES ........ iii

I. Respondents Adopt the Arguments Made By Defendant Annette Grant. ........ 1

II. The Protections Afforded Defendants Who Claim Qualified Immunity. ........ 1

III The Process for Obtaining Limited Qualified Immunity Discovery ........ 3

IV. Plaintiff's Request for Limited Qualified Immunity Discovery is Deficient, and Does Not Comply with *Carswell*, *Lion Boulos*, *Backe*, and *Hutcheson*. ........ 4

V. Limited Discovery on Grant's Claim for Qualified Immunity Will Erase the Protections Afforded to Other Defendants Who are Claiming Qualified Immunity ........ 8

VI. Limited Discovery, if Allowed, Should be Strictly Limited. ........ 10

CERTIFICATE OF SERVICE ........ 12

# TABLE OF AUTHORITIES

## Cases

*Ashcroft v. Iqbal*,
556 U.S. 662 (2009) .......... 1

*Backe v. LeBlanc*,
691 F.3d 645 (5th Cir. 2012) .......... 2

*Carswell v. Camp*,
144 S. Ct. 73 (2023) .......... 1

*Carswell v. Camp*,
54 F.4th 307 (5th Cir. 2022) .......... 1, 3, 8, 9

*Hutcheson v. Dallas Cnty.*,
142 S. Ct. 564 (2021) .......... 2, 4

*Hutcheson v. Dallas Cnty.*,
994 F.3d 477 (5th Cir. 2021) .......... 2, 3, 4, 6

*Hutcheson v. Dallas Cnty.*,
No. 3:17-CV-2021-BN, 2019 WL 1957997 (N.D. Tex. May 2, 2019) .......... 2, 4, 5, 6, 7

*Lion Boulos v. Wilson*,
834 F.2d 504 (5th Cir. 1987) .......... 2

*Roe v. Johnson Cnty*.,
No. 3:18-CV-2497-B-BN, 2021 WL 321967 (N.D. Tex. Feb. 1, 2021) .......... 1, 3, 4

*Simpson v. Hines*,
903 F.2d 400 (5th Cir. 1990) .......... 7

*Tomlinson v. Dallas Area Rapid Transit*,
No. 3:20-CV-31 98-E-BN, 2021 WL 1541601 (N.D. Tex. Apr. 19, 2021) .......... 2, 4, 7

*Webb v. Livingston*,
618 F. App'x 201 (5th Cir. 2015) .......... 2

*Wicks v. Miss. State Employment Servs.*,
41 F.3d 991 (5th Cir. 1995) .......... 2

*Wilson v. Sharp*,
No. CV 17-84-SDD-EWD, 2017 WL 4685002 (M.D. La. Oct. 18, 2017) .......... 9

*Zanitz v. Seal*,
602 F. App'x 154 (5th Cir. 2015) .......... 4

*Zapata v. Melson*,
750 F.3d 481 (5th Cir. 2014) .......... 2, 3, 4

TO THE HONORABLE COURT:

COME NOW Defendants Sergeant Christopher Loboda, Officer James McDaniel, Officer Javier Tavera-Luna, Officer Rochelle Roemen, and Officer Fuquana Childress ("Respondents"), and file their response to Plaintiff's Motion for Leave to Supplement the Summary Judgment Record (Doc. No. 88 (the "Motion"). Respondents *oppose* the relief Plaintiff seeks, and would show the Court the following:

## I. Respondents Adopt the Arguments Made By Defendant Annette Grant.

On August 22, 2024, Defendant Annette Grant ("Grant") filed Defendant Grant's Response to Plaintiff's Motion for Leave to Supplement the Summary Judgment Record (Doc. No. 94) ("Grant Resp."). Respondents adopt the procedural history and arguments Grant presents in her response. However, because Plaintiff's Motion directly implicates and would unlawfully impair Respondents' own assertions of entitlement to the protections afforded by the qualified immunity defense, Respondents provide the additional arguments that follow.

## II. The Protections Afforded Defendants Who Claim Qualified Immunity.

Grant's Response ably sets out the law regarding the protections the qualified immunity doctrine affords. *See* Grant Resp. 3-6. Respondents emphasize two points. First, one of the most important benefits of the qualified immunity defense is "protection from pretrial discovery, which is costly, time-consuming, and intrusive." *Carswell v. Camp*, 54 F.4th 307, 310 (5th Cir. 2022), *cert. denied*, 144 S. Ct. 73 (2023); *Roe v. Johnson Cnty.*, No. 3:18-CV-2497-B-BN, 2021 WL 321967, at *1 (N.D. Tex. Feb. 1, 2021). *See also Ashcroft v. Iqbal*, 556 U.S. 662, 685 (2009) ("The basic thrust of the qualified-immunity doctrine is to free officials from the concerns of litigation, including 'avoidance of disruptive discovery.'") Second, while "[a] party asserting the defense of qualified immunity is not immune from all discovery," such a party is immune from discovery that is "avoidable or overly broad." *Wicks v. Miss. State Employment Servs.*, 41 F.3d 991, 994 (5th Cir.

1995) (citing *Lion Boulos v. Wilson*, 834 F.2d 504, 507-08 (5th Cir. 1987)). And what is overly broad or avoidable discovery? It is all discovery that is not narrowly tailored to assist *the court* to uncover only those facts needed to rule on the immunity claim. *Lion Boulos*, 834 F.2d at 507-08 ("Discovery orders . . . that are narrowly tailored to uncover *only those facts needed to rule on the immunity claim* are neither avoidable nor overly broad.") (emphasis added).

For these reasons, all discovery is typically stayed pending a ruling on a defendant's entitlement to the defense of qualified immunity. *See Wicks*, 41 F.3d at 994-95; *Hutcheson v. Dallas Cnty.*, No. 3:17-CV-2021-BN, 2019 WL 1957997, at *2 (N.D. Tex. May 2, 2019), *aff'd*, 994 F.3d 477 (5th Cir. 2021), *cert. denied*, 142 S. Ct. 564 (2021); *accord Zapata v. Melson*, 750 F.3d 481 (5th Cir. 2014); *Backe v. LeBlanc*, 691 F.3d 645 (5th Cir. 2012); *Webb v. Livingston*, 618 F. App'x 201 (5th Cir. 2015) (per curiam); *Tomlinson v. Dallas Area Rapid Transit*, No. 3:20-CV-31 98-E-BN, 2021 WL 1541601, at *1-2 (N.D. Tex. Apr. 19, 2021) (Brown, J.).

Accordingly, and as the Fifth Circuit explained in *Backe v. LeBlanc*, "this court has established a *careful procedure* under which a district court may defer its qualified immunity ruling if further factual development is necessary to ascertain the availability of that defense.") (emphasis added). *Backe*, 691 F.3d at 648. Under that careful procedure, a district court must first find "that the plaintiff's pleadings assert facts which, if true, would overcome the defense of qualified immunity." *Id*. *After* the district court finds a plaintiff has so pled, if the court remains "unable to rule on the immunity defense without further clarification of the facts," it may issue a discovery order "narrowly tailored to uncover only those facts needed to rule on the immunity claim." *Id.* (quoting *Lion Boulos*, 834 F.2d at 507-08).

In *Carswell v. Camp*, the Fifth Circuit took care to forewarn against backdoor attempts by plaintiffs to obtain discovery outside the parameters established in *Wicks*, *Lion Boulos*, and their progeny:

> Three points about this "careful procedure" bear emphasis. First, its purpose is only to allow the district court to rule on the defendant's assertion of QI; its purpose is not to provide a backdoor for plaintiffs to circumvent the defendant's immunity from suit. Second, where the QI-asserting official determines that any pre-ruling discovery sought or ordered in the district court crosses the line from permissible *Lion Boulos* discovery to impermissible vitiation of the official's immunity from suit, the collateral order doctrine authorizes an immediate appeal like the one we entertain today. And third, *Lion Boulos* and its progeny must be understood in light of subsequent Supreme Court precedent. The Supreme Court has now made clear that a plaintiff asserting constitutional claims against an officer claiming QI must survive the motion to dismiss without any discovery.

*Carswell*, 54 F.4th at 311 (internal citations omitted).

## III The Process for Obtaining Limited Qualified Immunity Discovery

In *Zapata v. Melson* the Fifth Circuit articulates the steps a district court must take in an order authorizing limited qualified immunity discovery – to avoid entering an order that would deny the defendant the benefits of the defense. The first step of this procedure requires a district court to find that the complaint alleges facts sufficient to overcome qualified immunity. *Zapata*, 750 F.3d at 485; *Roe*, 2021 WL 321967, at *2. At the second step, the court must "identify any questions of fact it need[s] to resolve before it would be able to determine whether the defendants [are] entitled to qualified immunity."[1] And the third step requires an examination of the specific

---

[1] The Fifth Circuit explained in *Hutcheson v. Dallas County*:

> In QI cases, we use a two-step procedure "under which a district court may defer its [QI] ruling if further factual development is necessary to ascertain the availability of that defense." *Backe v. LeBlanc*, 691 F.3d 645, 648 (5th Cir. 2012). First, the court determines whether the pleadings "assert facts which, if true, would overcome the defense of [QI]." *Id.* (internal quotations omitted). Second, if the pleadings assert such facts, the district court issues a narrowly tailored discovery order "to uncover only those facts needed to rule on the immunity claim." *Id.*

*Hutcheson v. Dallas Cnty.*, 994 F.3d 477, 481 (5th Cir. 2021).

discovery requests. *See Roe*, 2021 WL 321967, at *2 (Judge Horan setting forth the specific procedures and requirements for a plaintiff seeking leave to conduct limited discovery); *see also Hutcheson*, 994 F.3d at 481; *Tomlinson*, 2021 WL 1541601, at *1-2 (quoting *Roe*, which, in turn, quotes *Zapata*, 750 F.3d at 485 (citing *Zanitz v. Seal*, 602 F. App'x 154, 163 (5th Cir. 2015)) (per curiam) ("Even a 'limited discovery' order does not satisfy the second step if 'the district court [does] not identify any questions of fact it need[s] to resolve before it would be able to determine whether the defendants [are] entitled to immunity.").

Before limited discovery is permitted, a plaintiff seeking to overcome QI must assert facts that, if true, would overcome that defense. *Zapata*, 750 F.3d at 485. ***It is not enough broadly to seek information that might impeach the defendants' version of events.*** *Hutcheson*, 994 F.3d at 481. Moreover, ***the plaintiff must identify any questions of fact that the court must resolve before determining QI.*** *Id.* And as Judge Horan concluded in *Hutcheson*:

> Plaintiffs' attempt to obtain any evidence that may support a version of the facts that may defeat summary judgment on qualified immunity does not fit within the limited scope of a discovery request "narrowly tailored to uncover only those facts needed to rule on the immunity claim." *Backe*, 691 F.3d at 648; *Lion Boulos*, 834 F.2d at 507-08. And Plaintiffs' open-ended requests – to uncover any facts, as opposed to specific questions of fact, that may be helpful to their version of events – fail to advance the second step of the "careful procedure" set forth in *Backe*, *Wicks*, and *Lion Boulos*, which requires that the district court "identify any questions of fact it need[s] to resolve before it would be able to determine whether the defendants [are] entitled to qualified immunity." *Zapata*, 750 F.3d at 485; *see also Zanitz v. Seal*, 602 F. App'x 154, 163 (5th Cir. 2015) (per curiam) ("Even a 'limited discovery' order does not satisfy the second step if 'the district court [does] not identify any questions of fact it need[s] to resolve before it would be able to determine whether the defendants [are] entitled to immunity.'" (citation omitted)).

*Hutcheson*, 2019 WL 1957997, at *3.

## IV. Plaintiff's Request for Limited Qualified Immunity Discovery is Deficient, and Does Not Comply with *Carswell*, *Lion Boulos*, *Backe*, and *Hutcheson*.

Here, Plaintiff's request to conduct depositions of the Six Deponents fails to satisfy the "careful procedure" under which a district court may defer its qualified immunity ruling if further

factual development is necessary to ascertain the availability of that defense. In Plaintiff's Motion, Plaintiff provides the following reasons/explanations for why she need to take these depositions of Defendants Grant, Loboda, Tavera-Luna, and others:

- "in order to obtain information regarding Defendant Grant's assertion of qualified immunity." (Doc. No. 88, Motion at 3).
- "to obtain additional information to properly respond to Defendants' [sic] Motions." (Doc. No. 88, Motion at 3).
- to "provide additional information from Defendants which is not currently available to Plaintiff, including their testimony regarding the events as they occurred and exactly what they observed." (Doc. No. 88, Motion at 4).
- "to get a full accounting of what occurred in that room." (Doc. No. 88, Motion at 4).
- "Depositions of the following officers who witnessed the restraint techniques of Lewis in an unsupervised 'change-out' room would shed additional light and evidence on the questions of fact surrounding the incident." (Von Plonski Affidavit, Doc. No. 88-1 at ¶ 3).
- "The other witnesses to the restraint will provide key evidence on what occurred and on Defendant Grant's claims of qualified immunity." (Von Plonski Affidavit, Doc. No. 88-1 at ¶ 4).
- "for clarification of what occurred during the restraint of Lewis." (Von Plonski Affidavit, Doc. No. 88-1 at ¶ 6 ).

The foregoing statements from Plaintiff's Motion simply fall short of the kind of specific requests that are required for a court to order limited discovery on qualified immunity. *See*, *e.g.*, *Hutcheson*, 2019 WL 1957997 at *3 ("Plaintiffs' attempt to obtain any evidence that may support a version of the facts that may defeat summary judgment on qualified immunity does not fit within the limited scope of a discovery request "narrowly tailored to uncover only those facts needed to rule on the immunity claim."). Notably, in *Hutcheson*, much as in the instant case, the plaintiffs argued that their requested discovery was legally necessary "so that they can learn whether Defendants are in possession of any information that could contradict the version of events that they advanced in their Amended Motion to Dismiss." *Hutcheson*, 2019 WL 1957997, at *3; *see*

*also Hutcheson*, 994 F.3d at 481 ("Thus, plaintiffs aver that limited discovery could provide evidence that might contradict the defendants' account."). The Fifth Circuit flatly rejected this argument:

> It is not enough broadly to seek information that might impeach the defendants' version of events. Thus, the plaintiffs faltered at the first step of our two-step procedure. *See Backe*, 691 F.3d at 648. Moreover, they failed to identify any questions of fact that the court must resolve before determining QI, thereby failing the second step.

*Hutcheson*, 994 F.3d at 481.

The same is true in the instant case. The very text of Plaintiff's requests (set forth above) contain generic reasons/grounds for the requested depositions, namely, to determine if the deponents have information that might contradicts Grant's version of events and to "to get a full accounting of what happened in that room." Motion at 3, 4. These are the same kind of insufficient reasons given by the plaintiffs that this Court and the Fifth Circuit rejected in *Hutcheson*. *See Hutcheson*, 2019 WL 1957997, at *3 ("attempts to obtain any evidence that may support a version of the facts that may defeat summary judgment on qualified immunity," and making "open-ended requests to uncover any facts, as opposed to specific questions of fact, that may be helpful to their version of events."). As discussed above, the District Court and the Fifth Circuit rejected these types of reasons as insufficient.

At two other places in the Motion for Leave, Plaintiff suggests there exists questions of fact, arguing:

> There remains an identifiable fact issue on whether Defendant Grant was standing on Lewis during the restraint, whether there was a cover-up, and whether members of the Dallas County Sheriff's Office directed Officer Tavera-Luna to change his report to hide the constitutional excessive force violations that led to Lewis's death.

(Doc. No. 88, Motion at 4 and 5; *see also* Doc. 88-1, Von Plonski Affidavit at ¶¶ 3 and 4). Plaintiff offers no specific explanation as to why these supposed questions of fact must be resolved before the Court would be able to determine whether Grant is entitled to qualified immunity. That is,

Plaintiff fails to explain how the existence of a "cover up" or whether Tavera-Luna changed his report bear on the objective reasonableness of Grant's brief participation in the encounter with Lewis, or whether a reasonable detention officer in Grant's circumstances was placed on notice that her conduct violated clearly established law. *Tomlinson v. Dallas Area Rapid Transit* is instructive. In *Tomlinson*, the court denied the plaintiffs' substantive motion for leave to conduct limited discovery, holding:

> Here, however, the Tomlinsons proffer insufficient explanations for why the additional video footage and additional policies and procedures are necessary to allow the Court to resolve the specific qualified immunity issues raised in the motion for summary judgment. They seem to believe that some other footage or some other policy or procedure could allow them to present a version of the events in question that could defeat qualified immunity. But, because they fail explain why – that is, what specific questions this discovery could answer – they have only made open-ended requests and thus have not carried their burden to obtain limited discovery to respond to the qualified immunity motion.

*Tomlinson*, 2021 WL 1541601, at *2 (citing *Hutcheson*, 2019 WL 1957997, at *3).

With regard to Grant allegedly standing on Lewis's legs, Officer Grant explains in her summary judgment reply brief that even if the Court were to assume this fact as true, Grant would still prevail on her motion for summary judgment on qualified immunity. (*See* Doc. No. 87, p. 7, sec. C-5). As Grant notes, Plaintiff presents one case that purports to create clearly established law to guide Defendant's actions in the underlying circumstances: *Simpson v. Hines*, 903 F.2d 400 (5th Cir. 1990), but Grant explains how that case is distinguishable. *See also* Doc. No. 84, Plaintiff's Brief, at 18-19. In the instant case, the worst allegation made against Defendant Grant is that she either sat on or stood on Mr. Lewis' legs. As Grant notes, *Simpson* involved asphyxiation. *Id.* Here, Mr. Lewis left the change out room breathing, and there has been no allegation or finding of asphyxiation. The medical examiner's cause of death conclusion here remains: undetermined. (*See* Doc. No. 85, Plaintiff's Appendix, p. 10). Thus, while Plaintiff generally argues there exists a question of fact on the issue of whether Grant stood on Mr. Lewis's legs and that six depositions

are needed to explore Grant's actions, Plaintiff has failed to provide a sufficient explanation as to why this requested limited discovery is necessary to allow the Court to resolve the qualified immunity issues raised in Grant's motion for summary judgment.

Plaintiff's argument that fact questions on whether there was a "cover-up," and whether members of the Dallas County Sheriff's Office directed Officer Tavera-Luna to change his report must be resolved before the Court is able to determine whether Grant is entitled to qualified immunity is equally unavailing. Plaintiff fails to explain why her request for depositions on these "after-the-incident" allegations of "cover up" and the "changing of a report" (which Defendants herein deny), even if assumed true for purposes of Grant's motion for summary judgment, are necessary to allow the Court to resolve the qualified immunity issues raised in Grant's motion for summary judgment.

## V. Limited Discovery on Grant's Claim for Qualified Immunity Will Erase the Protections Afforded to Other Defendants Who are Claiming Qualified Immunity

Allowing the requested depositions on Grant's claim of qualified immunity will not only remove the protection from pretrial discovery that Defendant Loboda and Tavera-Luna themselves enjoy as Defendants that have asserted qualified immunity, but will also impact Defendants Officer James McDaniel, Officer Rochelle Roemen, and Officer Fuquana Childress by depriving them of the same benefit of the qualified immunity defense, namely "protection from pretrial discovery, which is costly, time-consuming, and intrusive." *Carswell*, 54 F.4th at 310.

Each of these Defendants has asserted a qualified immunity defense. It is quite likely that, when discovery as to other parties proceeds, it would prove necessary for Defendants Loboda, Tavera-Luna, Roemen, Childress, and McDaniel (and their counsel) to participate in the process to ensure the case does not develop in a misleading or slanted way that causes prejudice to their

position. *Carswell*, 54 F.4th at 313-14. Even if these Defendants are not yet themselves subject to discovery orders, they would not be free from the burdens of discovery. *Id.*

The issue of the burden placed on other defendants who have asserted entitlement to immunity was addressed in *Wilson v. Sharp*, No. CV 17-84-SDD-EWD, 2017 WL 4685002 (M.D. La. Oct. 18, 2017) (unpublished). In that case, three individual defendants (Sharp, Oliveaux, and Spurlock) asserted entitlement to immunity, and filed a Rule 12(b)(6) motion to dismiss followed by a summary judgment motion. *Id.* at *1. Those defendants also filed a motion to stay discovery pending disposition of their pending dispositive motions, which the plaintiffs opposed. *Id.* The two other individual defendants (Hawkins and Hawkins) had also pleaded their entitlements to qualified immunity, but had not yet filed dispositive motions on that issue. *Id.* at *2.

The court determined that the motion to stay discovery should be granted:

> While a stay of all discovery is neither automatic, nor mandated, under these facts staying all discovery to permit resolution of the qualified immunity defense that has been asserted by Sgt. Sharp, Lt. Oliveaux and Capt. Spurlock furthers their interests in being shielded from the burdens of being required to participate in discovery (even discovery that is not directed specifically to them), pending resolution of the defense. For example, even if this Court were to limit the stay order to only discovery directed to Sgt. Sharp, Lt. Oliveaux and Capt. Spurlock, those individuals might still feel compelled to participate in the discovery process related to others, such as depositions of other witnesses that may be scheduled prior to resolution of the qualified immunity issues.

*Wilson*, 2017 WL 4685002, at *2.

The same dynamic is in play in this case. Plaintiff seeks to take depositions of several individuals, including two other Defendants, Loboda and Tavera-Luna, who have asserted the qualified immunity defense. Grant would reasonably feel compelled to participate in those depositions. Similarly, Defendants Loboda, Tavera-Luna, Roemen, McDaniel, and Childress will reasonably feel compelled to participate in the discovery process. Even if those Defendants do not personally attend the depositions to fully assist

their counsel in "real time," those Defendants will be of necessity required to confer with their counsel to assist in the preparation for examining the witnesses Plaintiff desires to examine.[2] Therefore, the Court should deny the Motion.

**VI. Limited Discovery, if Allowed, Should be Strictly Limited.**

As set forth in Grant's Brief in Support of her Motion for Summary Judgment and in Grant's Reply Brief, Grant contends her contact with Mr. Lewis was limited to approximately two and one-half minutes (when Mr. Lewis was being restrained and cuffed in the entryway into the changeout room). (Doc. No. 71, p. 11; Doc. No. 87, p. 2, 4). Additionally, in her Reply Brief, Grant references (and objects to) the Plaintiff's reliance on "hearsay, double hearsay, and triple hearsay" regarding Grant's actions (Doc. No. 87, p. 3-6), all of which appears to be the basis of Plaintiff's Motion for Leave to conduct depositions regarding (1) Grant allegedly standing on Lewis's legs, (2) an alleged after-the-fact "cover up," and (3) an alleged officer report being changed after the incident. (Doc. No. 88, Motion for Leave at 4 and 5; *see also* Doc. 88-1, Von Plonski Affidavit at ¶¶ 3 and 4). Plaintiff simply requests depositions of six people on these "issues." Plaintiff provides no explanation or description (or list of questions) of what will be asked. Plaintiff offers no limitations or parameters for the scope of the deposition questions.

In light of the foregoing, and in the alternative to Defendants' position that Plaintiff's Motion for leave should be denied, Defendants request that any limited discovery (*i.e.*, depositions) on Grant's qualified immunity should be strictly limited to questions about Grant's actual actions and conduct during her time in the changeout hallway and nothing more. Persons who were not present (or did not observe Grant's actions) should not be subject to being deposed at this juncture

[2] Indeed, Defendants Loboda, McDaniel, Roemen, Tavera-Luna, and Childress file this response because Plaintiff's Motion directly implicates a substantial imposition on those Defendants' entitlement to the immunity from the burdens of suit that the qualified immunity defense affords.

in this case. This would include Officer Sawyer, Detective Williams, and Officer Shelton. (*See* Plaintiff's request for depositions, Doc. No. 88, p. 3).[3] Allowing depositions to be conducted about post-incident rumors and hearsay (including allegations of "cover-up" and the changing of reports) at this juncture is unwarranted. As discussed above, Plaintiff fails to explain why her request for depositions on these "after-the-incident" allegations of "cover up" and the "changing of a report" (which Defendants herein deny), even if assumed true for purposes of Grant's motion for summary judgment, are necessary to allow the Court to resolve the qualified immunity issues raised in Grant's motion for summary judgment.

[3] At a minimum, Plaintiff should have to establish that any requested deponent was present in the changeout room and observed Grant's conduct and actions.

Respectfully submitted,

JOHN CREUZOT
CRIMINAL DISTRICT ATTORNEY
DALLAS COUNTY, TEXAS

*/s/ Joseph W. Spence*
Joseph W. Spence
Assistant District Attorney
Texas Bar No. 18913500
joseph.spence@dallascounty.org

Jason G. Schuette
Assistant District Attorney
Texas Bar No. 17827020
jason.schuette@dallascounty.org

Dallas County Records Building
500 Elm Street, Suite 6300
Dallas, Texas 75202
Phone: (214) 653-7358
Fax: (214) 653-6134

Attorneys for Defendants Dallas County, Sergeant Christopher Loboda, Officer James McDaniel, Officer Javier Tavera-Luna, Officer Rochelle Roemen, and Officer Fuquana Childress

**CERTIFICATE OF SERVICE**

On August 22, 2024, I filed the foregoing document with the clerk of the court for the U.S. District Court, Northern District of Texas. I hereby certify that I have served the document on all counsel and/or pro se parties of record by a manner authorized by Federal Rules of Civil Procedure 5(b)(2).

*/s/Joseph W. Spence*
Assistant District Attorney